SOUTHERN INDIANA GAS & ELECTRIC COMPANY·
v. STORMENT.

[No. 25,791. Filed January 2, 1934.]

*W. D. Robinson, William E. Stilwell* and *Roscoe Kiper,* for appellant.

*T. Morton McDonald,* for appellee.

FANSLER, J.—This is an action by appellee to recover damages for personal injuries resulting from being thrown in alighting from a car. The injuries were alleged to have consisted of an injury to her arm and the nerves thereof, hip, knee, and the impairment of the use of these members. There was a verdict and judgment for $2,500.00.

Appellant complains of the court's refusal to permit the attending physician to testify that he took only two stitches in appellee's elbow. In answer to the question: "How many stitches did he take?" the appellee answered in chief: "I think six or seven. I am not sure." In cross-examination she was asked the following questions and gave the following answers:

"Q. And all he did there was to take some stitches in a slight abrasion on your arm? A. He examined my arm.

"Q. I'm asking you if that isn't what he did? A. He took several stitches in my elbow."

It is contended by the appellant that by the questions and answers in chief the appellee waived the statutory provisions disqualifying her physician as a witness, but if the testimony be construed as a waiver it was only upon the question of the number of stitches taken, which it appears was not important to the issue.

The appellee alleged, and offered evidence to prove, that the nerves controlling some of her fingers in the injured arm were affected so as to affect the use of the fingers. The same medical witness testified in detail about the effect of an injury to these nerves. The appellee did not testify definitely as to the number of stitches, and it does not appear that the appellant could have been harmed by a refusal to permit the testimony, even though the privilege be considered as waived.

Appellant complains of Instruction No. 1 given by the court on its own motion, and contends that it authorized the jury to find for the plaintiff, regardless of any defense that might have been proved by the defendant. The instruction, after describing the character of the issues, said: "the burden is on the plaintiff to prove by a fair preponderance of the evidence, every material allegation of the complaint before you would be authorized in finding for the plaintiff."

It does not instruct them that if the material allegations are proved they should find for the plaintiff, and is not open to the objection urged. Instruction No. 9 is as follows: "Contributory negligence, which is a defense, is negligence on the part of the plaintiff or injured person which causes or partly causes his injury. If an injured person does or omits to do some act or thing which a reasonably careful and prudent person would have done or omitted to do under the same or like circumstances and such act or omission

causes or partly causes or contributes to his injury, this is contributory negligence."

There is an obvious typographical error. Clearly, negligence is the doing or omitting to do what a reasonably careful or prudent person would *not* have done or omitted to do. The word "not" was omitted, but, even so, appellant cannot complain even if the jury understood the instruction literally, since, so read, reasonable care is described as negligence.

By Instruction No. 14 tendered by the appellant, the jury was correctly instructed at length to the effect that ordinary care is that degree of care, prudence and diligence which could reasonably be expected of an ordinarily careful and prudent person, acting under the same or similar circumstances.

Nowhere was the jury instructed that a failure upon the part of appellee to do what an ordinarily prudent person would do under the circumstances, would not defeat a recovery.

If the instruction dealt with the negligence of the appellant, or if the appellee were complaining of the instruction, it would be difficult to say that it was not harmful, but since the instruction deals only with contributory negligence, and since it puts the standard of care higher than the law requires, to the apparent disadvantage of the appellee, we are unable to see how appellant's rights could have been injuriously affected.

Instruction No. 11 begins as follows: "If you find that the plaintiff has made out every material allegation of her complaint by a fair preponderance of the testimony herein, it will be your duty to assess her damages. . . ."

It then goes on to describe the elements to be considered in arriving at the amount of damages sustained. The instruction was intended primarily to inform the jury as to the matters to be taken into consideration

in fixing the amount of damage in the event of a verdict for the appellee.

Appellant contends that it amounts to a direction of a verdict if the material allegations of the complaint are proved, regardless of any defense and especially the defense of contributory negligence. In six different instructions tendered by the appellant and given, the jury was informed that if the appellee was guilty of contributory negligence there could be no recovery. The instructions must be considered as a whole, and we cannot feel that the jury was misled on the question of the defense of contributory negligence. Appellant complains of the refusal of a number of instructions which it tendered. They were all covered by instructions given.

Judgment affirmed.