KINDLER, (WHOSE TRUE CHRISTIAN NAME IS UN-
KNOWN), DOING BUSINESS AS BALTES HOTEL *v.*
EDWARDS.

[No. 18,665.   Filed December 2, 1955.   Rehearing denied
December 27, 1955.   Transfer denied February 28, 1956.]

*Hunt, Longfellow & Suedhoff,* of Fort Wayne, and *Porter Crowell,* of Kendallville, for appellant.

*J. A. Bruggeman* and *Wm. F. McNagny,* of Fort Wayne, for appellee.

ROYSE, C. J.—Appellee brought this action against appellant for damages for personal injuries sustained when she fell down the stairs in appellant's hotel.

The issues were formed by appellee's amended complaint which charged appellant was negligent in each of the following particulars, among others: Defendant negligently permitted planks of lumber to remain on the stairway down which plaintiff passed on her way to the lobby of said hotel; failed and neglected to properly light said stairway so as to permit safe passage thereon by its guests and to disclose the presence of said obstruction on said stairs; failed to warn plaintiff by signs or otherwise of the aforesaid dangerous condition existing on said stairs; failed to warn plaintiff by sign or otherwise that the stairs which she started to descend was a fire escape; installed and maintained on the second floor of his hotel signs directing guests to points of egress from said second floor but did not differentiate in said signs between the main stairway to the lobby of said hotel and the fire escape; failed

to install and maintain on said second floor any sign indicating the location of the main stairway to the lobby of said hotel.

The complaint then averred that as a result of said negligence appellee broke her right wrist, fractured her spine, suffered a concussion of the brain, serious bruises and lacerations and nervous shock; that some or all of said injuries may be permanent or progressive; that she suffered severe pain, was confined to her bed for many weeks, etc.

Appellant filed his answer of admission and denial under the rules. Subsequently, appellee filed her supplemental complaint in which she averred that as a result of appellant's acts she has been further damaged since the filing of her complaint because she was unable to work and lost wages of $38 per week, etc.

Trial to a jury resulted in verdict in favor of appellee for $7500.00. Judgment accordingly.

The error assigned here is the overruling of appellant's motion for a new trial. We proceed to a consideration of the specifications of that motion in the order they are presented in the argument portion of appellant's brief.

Appellant contends the court erred in permitting appellee to exhibit a blackboard to the jury during the arguments in this case, which blackboard contained a list of all of appellee's alleged medical expenses, loss of wages and compensation for pain and suffering, which exhibit was shown to the jury over the objection of appellant. The objection of appellant was as follows:

"The appellant objects to such blackboard sign remaining in the view of the jury during the argument of counsel, of both the appellee and the appellant, for the reason that said items of alleged loss and the total thereof, will be constantly in view of the jury for a period of two and one-half hours

and will unduly impress itself upon the minds of the jurors."

Appellee agreed to remove the board after her argument to the jury. The court sustained the objection in part and directed appellee to turn the blackboard from the jury after she was through with her opening argument.

Appellant has cited no authority to show that such exhibit was harmful and we find none. In our opinion there was no error in permitting the use of this blackboard.

Appellant next contends the trial court erred in refusing to give its tendered instructions Nos. 22 and 23. The subject-matter of each of these instructions was fully and adequately covered by appellant's instructions Nos. 20 and 21 which were given by the court. Therefore, the trial court did not err in refusing to give the above mentioned instructions.

Appellant asserts the trial court erred in giving appellee's instruction No. 6 over his objection. The objection of appellant to this instruction was not made as required by Rule 1-7, Rules of the Supreme Court. Therefore, no question is presented here on that matter.

It is next contended the damages awarded are excessive. Appellee was compelled to quit a job paying her $38.00 per week. There was competent medical evidence she had a fractured wrist which resulted in a permanent injury; a fractured vertebrae, the effects of which would be painful and permanent. Generally, in actions of this kind the amount of recovery is a matter for the jury. We will not reverse for this reason unless the damages are so large as to make it clearly appear that the jury acted from prejudice, passion or corruption. *Pohlman* v. *Perry* (1952),

122 Ind. App. 322, 103 N. E. 2d 911; *Kawneer Manu-facturing Company* v. *Kalter* (1917), 187 Ind. 99, 101, 102, 118 N. E. 561. On the record herein we cannot say the jury was acting from such motives.

Finally, appellant combines for the purpose of argument the following specifications of his motion for a new trial:

> "The court erred in refusing to grant defendant's motion to direct the jury to return a verdict for the defendant at the close of all of the evidence in said case.
>
> "The court erred in refusing to grant defendant's motion to direct the jury to return a verdict for the defendant at the close of plaintiff's evidence.
>
> "The verdict of the jury is contrary to law.
>
> "The verdict of the jury is not sustained by sufficient evidence."

These questions require a consideration of the evidence most favorable to appellee.

It is disclosed appellee was sixty-four years of age. She went from her home in Lafayette to see her son who was confined to the feeble-minded institute there. She went to appellant's hotel. The bellhop used the elevator to take her up to her room on the second floor. He carried her luggage which was a small overnight case. After she entered her room she remained all night. This was the first time she had been in a hotel since she stayed in one in Iowa with her parents when she was nineteen or twenty years old. She locked her door and pulled the bed against it. In the morning she got up and, on leaving her room, saw an exit light and walked over to a door and stepped on the stairway. There was a dim light on the stairway. As she was walking down the steps she struck an obstruction which tripped her. She fell to the bottom.

She then saw a bellhop walk down the steps and remove the boards from the stairway. She testified directly that there was a lighted sign marked "Exit" over the door but no sign on the door stating that it was to be used in case of emergency only, and that "if I had known it was the fire escape I would not have gone down it". Appellant testified that at the time of the accident the arrow pointing to the stairway used by appellee was the same as the arrow pointing to the lobby stairway. As heretofore indicated the record shows appellee suffered severe injuries.

We are of the opinion there was ample evidence to sustain the verdict of the jury.

Judgment affirmed.

NOTE.—Reported in 130 N. E. 2d 491.