WENDT *v*. SEILER ET AL.

[No. 19,507. Filed May 25, 1962. Rehearing denied July 5, 1962.]

Russell J. Wildman, and, Cole, Wildman & Cole, of Peru, for appellant.

Frank V. Dice, and Dice & Keith, of Peru, for appellees.

COOPER, J.—The record before us in this appeal reflects that the appellee, plaintiff below, John N. Seiler, filed his complaint in the Miami Circuit Court of the State of Indiana, wherein he alleged he received personal injuries by reason of the negligence of the defendant, appellant herein, Jere A. Wendt, in the operation of defendant's vehicle upon a certain public highway in Miami County as specifically set out in the complaint below which we need not delineate for the purpose of this appeal.

The appellant filed an answer under Rule 1-3 denying each of all of the rhetorical paragraphs of appellee's complaint. The issues thus joined were submitted to a jury, who rendered a verdict for the appellee, awarding a judgment against the appellant in the sum of Three Thousand, Four Hundred ($3,400.00) Dollars.

Within time, appellant filed his motion for a new trial containing the following five specifications or reasons:

"1. The verdict of the jury is not sustained by sufficient evidence.

"2. The verdict of the jury is contrary to law.

"3. Error of law occurring at the trial, as follows:

"(a) The court erred in giving to the jury, at the request of the plaintiff, each of plaintiff's instructions numbered 3, 4, 5, 6, 10, 11, 13, 15, 16, 17, 19, 23, 24, 26 and 28.

"(b) The court erred in refusing to give to the jury, at the request of the defendant,

each of the written instructions tendered and requested by the defendant, and numbered 2, 3, 5 and 8.

"4. The damages assessed are excessive.

"5. Error in the assessment of the amount of recovery in this, that the amount is too large."

The court overruled appellant's motion for a new trial, the overruling being the assigned error in this appeal. Within time allowed, the appellant perfected his appeal to this court. In oral argument before us and in the argument portion of his brief, he relies only on errors of law occurring at the trial in the court giving to the jury plaintiff's instructions numbered 15, 17, 19, 23, 24 and 26.

A concise statement of the evidence most favorable to the appellee in the record is for all practical purposes undisputed and reveals in substance that on or about July 9, 1958, at 11:00 a.m., there existed in Miami County a gravel and dirt road, the travel portion of which was approximately nineteen feet wide, known as Eel River Road and also known as the Kraning Road which ran east and west at the place in controversy; that located on said road was a bridge that was approximately sixteen feet wide and eighteen feet long which was of a sufficient width to allow two cars to pass and which was not designated, by signs or otherwise, as a single-lane bridge.

That at said time and place, appellee was driving an automobile east on said highway at approximately 11:00 a.m. on the date aforesaid and that the weather was clear and dry; that as he was approximately eight hundred (800) feet from said bridge aforesaid, he observed the appellant's car approaching west, and at said time, appellant's car was approximately twenty-five hundred (2500) feet east of said bridge

and traveling at a high rate of speed; that the appellee's car was operated at an approximate speed of forty miles-per-hour and proceeded east across said bridge and at a point about fifty feet east of said bridge, the appellant, within a few feet from appellee's car, crossed the center line of said highway and ran into the front portion of appellee's automobile with such force that it stopped the appellee's car instantly and knocked it into a ditch which was on the south side of said highway, the depth of which was approximately ten feet, causing the appellee to receive personal injuries as the result thereof.

The undisputed evidence showed that immediately prior to the collision appellant had applied his brakes and skidded about one hundred and fifty feet (150) and did not cross the center line of the highway until he was within a few feet from the appellee's automobile, and that said skid marks which appeared on the road were straight and did not indicate that at any time the appellant's car swerved, or that there was any indication that the appellant was in a perilous position from which he was unable to extricate himself.

The evidence also shows that the appellant was not familiar with the highway upon which he was traveling, and, in fact, the evidence tended to establish that he had never operated a motor vehicle on this particular highway prior to the day in question.

That at the time of the accident there was in full force and effect a statute known as §47-2004, Burns', 1952 Repl., Part 2, which provided:

"(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so restricted as may

be necessary to avoid colliding with any person, or vehicle or other conveyance on or near, or entering the highway in compliance with legal requirements and with the duty of all persons to use due care."

The evidence disclosed that the above-described bridge was an actual and potential hazard then existing and under the law the appellant was required to operate his automobile at such a speed and under such control so as to avoid running into the appellee's motor vehicle and it appears under all the evidence the jury could reasonably find that the appellant disregarded his duty to use due care as required by the above-quoted statute.

Of the said five specifications of error in the new trial motion, appellant argues only as to the given instructions of appellee numbered 15, 17, 19, 23 and 26 as designated in specification 3(a). Therefore, appellant waives all the other specifications. Consequently, appellant does not claim that there is not sufficient evidence to sustain the verdict nor does he contend that the verdict is contrary to law. It follows that appellant in effect concedes that the verdict, on the whole case, correctly determined the rights of the parties.

Under such circumstances, we are confronted with and must give serious consideration to the rule, generally applicable, that error in the giving or refusal of instructions is cured and rendered harmless by a verdict or judgment which, on the whole case, correctly determines the rights of the litigants. 2 Ind. Law Encyc., Appeals, §632, and authorities referred to. The verdict of the jury in this case was general and not specific, so we are not required to investigate as to the influence of any par-

ticular objected to instruction on any special finding of the jury. We must observe, also, the established rule that where the verdict is based upon an improper instruction or when it is impossible to tell, under severely conflicting evidence, whether the asserted erroneous instructions were relied upon by the jury in arriving at its verdict, a reversal may be required. 2 Ind. Law Encyc., Appeals, §632, and authorities cited.

Therefore, we have carefully considered the six instructions objected to by appellant and the particularity of such objections. We find that none of the objected to instructions was mandatory. The only instruction asserted by appellant to be mandatory is Instruction number 19. However, we are of the opinion that said Instruction number 19 was in no sense mandatory. It simply told the jury that if it found from the evidence that appellant suddenly and almost simultaneously drove his motor vehicle from its proper lane of traffic onto the other (appellee's) lane of traffic, the jury should find that appellee could not have avoided the collision and his failure "to take the ditch" did not constitute contributory negligence. While we may not agree with all of the wording of the instruction, as given, we find no ground upon which we could properly say that it was mandatory in the sense that it directed a verdict either for or against appellant.

The six instructions objected to were all, in substantive main, directory in nature. Appellant's main theory of objection to said instructions, as appears from his brief, was that said instructions did not correctly state the law as applied to the adduced evidence. However, appellant presents no tendered instructions which appellant deemed to correctly state the applicable law. To preserve error,

appellant should have tendered such corrective instructions and, if refused, specified such refusal as error. See 28 Ind. Law Encyc., Trial, §242, notes 16 and 21, and cases cited. See, also, authorities cited in West's Ind. Dig., Trial, §256 (10).

The evidence, in material aspects, as we have heretofore stated, was not severely conflicting and nothing appears in the record or in appellant's argument which impels us to conclude that the asserted erroneous instructions possessed such poignancy as to have had a controlling influence on the verdict arrived at by the jury.

Instructions numbered 24, 17 and 23 dealt with the right of a motorist on the public highways to assume that other users of the highway would obey the rules of the road. Instruction number 19 instructed the jury as to contributory negligence of appellee in the event of appellant's sudden departure from his lane of traffic onto appellee's lane of traffic. Instruction number 26 said that when one "car" was found by the jury to be "on the side of the road where it did not belong," the speed of the several cars was not the proximate cause of the accident. Instruction number 15 directed as to when speed is to be considered the proximate cause of an accident after discovery of imminent danger. As given and worded, we would not be inclined to lend our unqualified approval to said instructions; yet, we cannot say, in the absence of tendered corrective instructions by appellant and in view of the latter's failure to attack the verdict of the jury, that said instructions were of such nature and so profoundly erroneous as to material issues of the case that appellant was presumably so prejudiced thereby as to require a reversal.

The judgment is affirmed.

Ax, J.; Myers, J.; Ryan, C. J., concur.

NOTE.—Reported in 182 N. E. 2d 801.