## SMITH *v.* CITY OF INDIANAPOLIS, ETC. ET AL.

[No. 19,634. Filed July 2, 1964. Rehearing denied July 24, 1964. Transfer denied January 20, 1965.]

*Glenn Williams,* of Greenfield, and *Young & Young,* of Indianapolis, for appellant.

*Emerson Boyd, Robert C. Riddell, Locke, Reynolds, Boyd & Weisell,* all of Indianapolis, and *Ging & Free,* of Greenfield, for appellees.

CARSON, J.—Appellant instituted an action against the appellees in the trial court under §2-217, Burns' 1946 Replacement, for damages in the amount of $50,000.00, for the death of appellant's unemancipated twelve year old son. Damages were allegedly caused by the appellees' negligence which resulted in a collision between the front of decedent's bicycle and the right

side of a sanitation truck which the appellee, Boyd, was driving. Appellee, Boyd, was a sanitation truck driver for the City of Indianapolis and the appellant included as defendants the City of Indianapolis and its various sanitation agencies with some of their associated members.

After preliminary motions the appellant filed his third amended complaint against all of the defendants and to this third amended complaint the City of Indianapolis and its sanitation agencies demurred and the trial court sustained the demurrer. The appellant refused to plead over as to these defendants and allowed judgment to go against him as to them. The trial court's ruling on said demurrer is one of the errors assigned in this appeal. The issues remaining as to the defendant, Boyd, were presented by the fourth amended complaint and by the answer of denial thereto under Rule 1-3 of The Supreme Court of Indiana. There was a trial by jury as to the defendant, Boyd, and the jury returned a verdict for said defendant.

Assigned as error by the appellant was the overruling of appellant's motion for new trial and for sustaining the demurrer of the City of Indianapolis and its various sanitation agencies to appellant's third amended complaint.

The appellant filed his motion for a new trial and alleged five errors by the trial court which are substantially as follows: 1. The court erred in sustaining the demurrer of the defendants, City of Indianapolis and its various sanitation agencies to appellant's third amended complaint. 2. The court erred in giving over plaintiff's objection, each of instructions 4 through 7, inclusive, 9, 11, 13, 16, 17, 19 and 22, asked by the defendant. 3. The court erred in refusing to give each

of instructions numbers 1, 4, 5, 7, 9 through 12, asked by the plaintiff. 4. The court erred in refusing to permit the father of the deceased boy to testify on direct examination as to what he calculated it cost him to raise his deceased son from the time he was born until his death and in sustaining the objection of defendant's counsel to such testimony on the grounds that such question merely called for the father's guess as to the expenses. 5. The court erred in refusing testimony of the father on direct examination and in sustaining defendant's counsels objection to the question propounded to the father which ask for his estimation as to what it would have cost to keep his deceased son from the time he was twelve years old until he was twenty-one.

Under appellant's assignment number one in the argument portion of the brief, appellant alleges error by the court in refusing to give appellant's instruction 1, 4, 5, 7, 9, 10 through 12. The appellant did not brief and argue the alleged error of the trial court in refusing to give appellant's tendered instruction number 9 and the giving of defendant-appellee's instructions numbers 4, 5, 6, 7, 9, 11, 16, 19 and 22, over plaintiff-appellant's objection, therefore these specifications are waived.

The appellant also charges that the court erred in refusing to give appellant's instruction number 1 based on §47-2229(a) Burns' 1952 Replacement, which instruction reads as follows:

"The Court instructs you that at the time plaintiff's son was killed there was in full force and effect a statute of the State of Indiana which insofar as material is as follows:

'Horns and warning devices.—(a) Every motor vehicle When operated upon a highway shall be equipped with a horn in good working order and capable of emitting sound audible under normal

conditions from a distance of not less than two hundred (200) feet, but no horn or other warning device shall emit an unreasonable loud or harsh sound or a whistle. The driver of a motor vehicle shall when reasonably necessary to insure safe operation give audible warning with his horn but shall not otherwise use such horn when upon the highway.'

If you find from a preponderance of all the evidence that the defendant did not comply with that statute, such failure on his part was negligence."

The court did give appellant's instruction number 2 which was based on §47-513, Burns' 1952 Replacement which reads as follows:

"The Court instructs you that at the time plaintiff's son was killed there was in full force and effect a statute of the State of Indiana which insofar as material is as follows:

' . . . upon approaching an intersecting highway or curve or a corner in a highway where the operator's view is obstructed, every person driving or operating a motor vehicle or motorbicycle shall slow down and give a timely signal with the bell, horn or other device for signalling.'

If you find from a preponderance of all the evidence that the defendant did not comply with that statute, such failure on his part was negligence."

In the case of *Connor* v. *Jones* (1945), 115 Ind. App. 660, 679, 59 N. E. 2d 577, the court was considering the same sections of the statute and made the following statements:

"These two statutes are not incompatible. The first", (§47-513, Burns' 1952 Replacement), "is a special statute detailing circumstances under which a signal must be given while the second", (§47-2229(a), Burns' 1952 Replacement), "is general in its character and applies only to circumstances not covered by the first. Each can be given full force and effect without doing violence to the other. The

instruction under discussion is applicable to the appellee's theory of the case and to evidence in support thereof and, therefore, was properly given."

This case was cited with approval in *Ft. Wayne Transit, Inc. et al.* v. *Shomo, etc.* (1957), 127 Ind. App. 542, 558, 143 N. E. 2d 431. The undisputed evidence in the case before us indicates that the accident occurred at an intersection of two alleys. Due to the location of the buildings at the intersection the points of view of both plaintiff's-decedent and the defendant were obstructed and had the effect of being a blind intersection. We feel considering the above cases, reviewing the statutes and the facts of this particular case that no error was committed when the trial court refused to give appellant's instruction number 1 and that appellant's instruction number 2 fairly placed the matter before the jury. Considering the instructions as a whole it is our opinion that the jury was fairly charged with respect to the questions of statutory responsibility and negligence and that there was no error in refusing to give appellant's instructions 4, 5, 7 and 10.

The case of *Luther* v. *State of Indiana* (1912), 177 Ind. 619, 623, 98 N. E. 640, sets out a rule of ■ law which from our research appears to be still controlling:

"Automobiles and bicycles have equal rights on the streets, and equal rights in the use thereof with other vehicles. The drivers of automobiles and the drivers of other vehicles, including bicycles, owe a duty to others lawfully using the public streets and highways, and are required to exercise due care in the use of their vehicles not to injure others."

This case disposes of the alleged error with respect to appellant's instruction number 11 which was refused.

The appellant further charges the court with error in refusing to give instruction number 12 and further in refusing to permit testimony concerning loss of services of the minor child of the plaintiff-appellant which objections are raised under points 4 and 5 of the appellant's motion for new trial. The objection raised by the appellant and the authorities cited thereunder do not properly state the law in this State. Attention is called to the case of *Thompson* v. *Town of Fort Branch* (1931), 204 Ind. 152, 164, 178 N. E. 440, where the court said in quoting from the case of *City of Elwood* v. *Addison* (1901), 26 Ind. App. 28, 59 N. E. 47:

" . . . 'the value of the child's services from the time of the death until he would have attained his majority, taken in connection with his prospects in life, less the cost of his support and maintenance during that period, including such as board, clothing, schooling and medical attention.' . . . "

Affirmed in *Heerdink* v. *Kohmescher* (1932), 94 Ind. App. 296, 180 N. E. 683. The court gave appellant's requested instruction number 14 which adequately instructed the jury as to this phase of the case.

### "INSTRUCTION No. 14"

"If you find for the plaintiff you should award such money damages as will fully and fairly compensate him for all the pecuniary loss which he has sustained as a proximate result of the death of his son.

In fixing his said loss you should first consider whether he was dependable, trustworthy and ambitious and then you should compensate him in full for such amount as you find from all the evidence his son might have reasonably earned until he reached the age of 21, less the reasonable value of his keep during that time. To this you should add the expense of the funeral and of the Memorial.

Next you should consider whether he was affectionate in the family relationship, his love of his parents, his helpfulness, character, habits and disposition and taking all of that into account you should compensate the plaintiff in full for the pecuniary value of such acts of affection, personal attentions and services which the plaintiff might reasonably expect his son to render to him and to the other members of his family for which his son would not have been paid, including acts of kindness, work or chores around the household, errands for members of his family, assisting in taking care of the children and serving in the home, assisting his mother in the household chores, helping his father by doing that which his father could not do because of his physical ailment and such other acts of helpfulness and assistance to the plaintiff and the other members of the family as you find from all the evidence the plaintiff's son did perform and would have performed had he lived.

For all the foregoing you should fix your verdict which will compensate him fully and fairly so that it will be full and fair."

Appellant has waived, by failure to brief and argue any alleged error in specification 2 of plaintiff's motion for a new trial in giving over objections, defendant's instructions numbered 4, 5, 6, 8, 9, 11, 16, 19 and 22. By such waiver there remains for our discussion in specification number 2, appellant's objection of the court in giving defendant's instructions 13 and 17.

Defendant's instruction number 13, which was objected to by appellants, instructed the jury as follows:

"One of the claims of negligence in plaintiff's complaint is that defendant failed to control his truck so as to avoid colliding with decedent.

I instruct you that under Indiana law neither defendant nor any motorist is liable absolutely for failing to avoid a collision."

This is a correct statement of the law and it did not mislead the jury in the present case. *Rump* v. *Woods* (1912), 50 Ind. App. 347, 354, 98 N. E. 369.

It was not error on the part of the trial court in giving defendant's instruction number 17. This instruction was based upon §47-513 Burns' 1952 Replacement. In the last sentence of this instruction the court made the rule of law applicable to the operator of a bicycle. An examination of §47-513 Burns' 1952 Replacement indicates that it was part of the Acts of 1925. With this Act in force the legislature passed a more comprehensive act covering the operation of vehicles including bicycles, being Ch. 48 of the Acts of 1939. As we read these acts together we conclude that it was the intent of the legislature to place certain responsibilities on a person operating a bicycle which did not theretofore exist and made such person subject to the same degree of care and responsibility as the driver of any other type of vehicle.

Finally, the action of the trial court in sustaining the demurrer of the other defendants to the plaintiff-appellant's third amended complaint is a moot question at this point. We think the exception to the mutuality rule is applicable in this case. The liability of the other defendants would be derivative and since the jury relieved the servant-agent of negligence by its verdict in this case, the master-principal would also be relieved of liability.

No reversible error having been shown, the judgment is affirmed.

Cooper and Ryan, JJ., concur.

While Judge Clements participated in the hearing of the oral argument and conference of the Judges above-named, he concurred in the result at the time of the con-

ference but did not participate in the adoption of this final opinion.

NOTE.—Reported in 199 N. E. 2d 722.