SAFETY CAB, INC. v. FERGUSON

[No. 19,986. Filed April 8, 1965. Rehearing denied May 10, 1965. Dismissed October 18, 1965.]

646

*Bredell, Martin & McTurnan* and *C. Wendell Martin*, of Indianapolis, and *Pell & Matchett* and *Wilbur F. Pell, Jr.*, of Shelbyville, for appellant.

*Haggerty & Haggerty, John P. Price* and *Hollowell, Hamill & Price*, of Indianapolis, and *Brunner, Brown & Brunner*, of Shelbyville, for appellee.

SMITH, J.—This is an appeal by the defendant, appellant herein, from a judgment of the Shelby Circuit Court in an action brought to recover damages for personal injuries alleged to have been sustained while the appellee was riding as a paying passenger in the appellant's taxicab.

The facts as alleged in the complaint are as follows. About 4:00 a.m. on Sunday morning, October 9, 1960, the appellant's taxicab, driven by one Robert Mitchem, picked up the appellee as a fare and proceeded to drive the appellee to his home. The driver drove the taxicab east on 29th Street, a preferential street in the City of Indianapolis, to where it intersects with Ethel Street. At that intersection the taxicab collided with an automobile which had emerged from Ethel Street onto 29th Street and into the path of the taxicab. The driver of the other vehicle fled the scene of the accident and his identity has never been determined. As a result of this collision the appellee suffered numerous personal injuries including a broken jaw and loss of teeth.

The appellee in his complaint charged that the driver of the taxicab in which the appellant was a paying passenger was negligent in that he was exceeding the speed limit of 30 miles per hour; that he failed to slow the vehicle when he knew or should have known of the presence of the other vehicle at the intersection; that he failed to keep a lookout for other vehicles; that he failed to warn the driver of the other vehicle in any way when he knew or should have known that a collision was imminent; and finally that he failed to stop or turn his vehicle in time to avoid the collision.

Trial was had by jury, which returned a verdict for the appellee and awarded damages in the sum of $9,000.00. Judgment was entered for the appellee in accordance with the general verdict. From this judgment this appeal is taken.

Appellant's sole assignment of error is that the trial court erred in overruling appellant's motion for a new trial.

The first specific error urged by the appellant is that the trial court erred in failing to submit, for the consideration of the jury, appellant's tendered instructions numbered 4, 5, 6 and 7. The effect of the submission of these instructions would have resulted in the removal of the issue of negligence from the consideration of the jury. The appellant contends that there was a total failure of evidence to support the alleged issues of negligence and that it was error for the trial court to refuse to remove them from the consideration of the jury. It is well settled that in considering this alleged error this Court may consider only the evidence most favorable to the appellee and all reasonable inferences deducible therefrom: *Roop, Adm. etc.* v. *Woods* (1962), 134 Ind. App. 88, 186 N. E. (2d) 439; *Miller*

v. *Smith* (1955), 125 Ind. App. 293, 124 N. E. (2d) 874.

An examination of the record evidence reveals the following:

1) On the issue of excessive speed—
Counsel. "Question: Now what is the speed limit on this section of 29th Street, Mr. Ferguson?
Witness. Answer: The speed limit is 30 miles per hour."
Counsel. "Question: And at the time that you first saw this other car there at the intersection of 29th and Ethel, in your opinion how fast was the cab going?
Witness. Answer: I would say 45 miles per hour."

2) On the issue of failure to slow the vehicle down—
Counsel. "Question: I'm not talking about the actual minute at the intersection, Mr. Ferguson, but I'm saying as you came up there to the point of the intersection did he slow down any before he got to the intersection?
Witness. Answer: Oh, no, no."
Counsel. "Question: I'm not asking you about his brakes. I'm asking you did he slow down any as he came up to the intersection?
Witness. Answer: No, he didn't slow down."

3) On the issue of failure to keep a lookout—
Counsel. "Question: Could you tell me in feet how many feet you were back from the intersection when you first saw this other car?
Witness. Answer: That's kind of hard."
Counsel. "Question: Well, or yards or car lengths, any way you can describe it to us.
Witness. Answer: I would say we were about two, I would say we were about two or either three car lengths from the corner I mean before we approached 29th and Ethel."

4) On the issue of failure to warn the driver of the other vehicle—

Counsel. "Question: As he approached this intersection, and as the other car became apparent to you, did the driver of the Cab sound his horn?
Witness. Answer: No, he didn't."

5) On the issue of failure to stop or turn in time to avoid the collision—
Counsel. "Question: Did he swerve his cab either to the left or to the right immediately preceding the collision?
Witness. Answer: No, because the impact moved us over. No, he didn't."

It is a well established rule of law that if there is some substantial evidence on material issues, as there is in the instant case, it would be error for the trial court not to submit such evidence to the jury for its consideration; and, on appeal, this Court is required to consider this evidence and is not permitted to weigh the evidence. *New York Central R. Co.* v. *Wyatt* (1962), 125 Ind. App. 205, 184 N. E. (2d) 657. Transfer denied 193 N. E. (2d) 63.

It is our opinion that in the light of the above recited evidence, the trial court was not in error in refusing to give appellant's instructions numbered 4, 5, 6 and 7.

The second specific error asserted by the appellant is that the appellee failed to submit evidence showing the proximate cause of the accident. The appellant raises this question by contending that the trial court erred in refusing to give appellant's tendered instruction number 8 which reads as follows:

"You are instructed that the evidence in this case does not prove that the defendant is guilty of 'traveling at a speed that was greater than 30 miles per hour in violation of the posted speed zone and

the City Ordinance providing for the same,' as the plaintiff charges in his complaint. On this charge of negligence, therefore, your finding must be for the defendant."

Appellant's contention here is without merit as tendered instruction number 8 has nothing to do with proximate cause but appears to deal solely with lack of proof on the issue of speed. Nothing in the record reveals that appellant tendered any instruction on the issue of proximate cause; and it is well settled that an appellant may not predicate error on a failure to give instructions concerning an issue where no request to instruct on that issue was made. *Aetna Casualty Co.* v. *Acme Goodrich* (1961), 130 Ind. App. 432, 159 N. E. (2d) 310.

Appellant next contends that the trial court erred in giving three of appellee's instructions, namely, instructions numbered 25, 33 and 41.

Instruction number 25 reads as follows:

"The court instructs you that all motorists, including drivers of taxicabs, are required to maintain a lookout in the exercise of ordinary care as they approach street intersections, and they are presumed to have seen what an ordinary prudent person could have seen under the circumstances then and there existing.

"If you find from the evidence that the automobile which collided with a taxicab in which plaintiff was riding as a paying passenger, was approaching the intersection where the accident occurred and was so close thereto as to constitute an immediate hazard and that John R. Mitchem, the driver of said taxicab, in the exercise of reasonable care, could have seen said automobile in time to have stopped and prevented a collision with it but failed to do so without reasonable justification, and that plaintiff was injured as a proximate result thereof, *then you would be warranted in finding for the plaintiff in this cause, providing that plaintiff has proved*

*all the other material allegations of this complaint herein."* (emphasis supplied)

Appellant urges that this instruction is mandatory because of the use of the words "then you [jury] would be warranted in finding for the plaintiff;" and, because it omits the element of contributory negligence, it was error for the trial court to give it. In *David Johnson Co. Inc.* v. *Basile* (1964), 136 Ind. App. 611, 199 N. E. (2d) 478, it was held that the use of the word "would" does not make an instruction mandatory in nature. In *Southern Ind. Gas & Elec. Co.* v. *Storment* (1934), 206 Ind. 25, 188 N. E. 313, an instruction that the plaintiff must prove all of the material allegations of his complaint before a finding "would be authorized" was held not to be mandatory and an ommission of the element of contributory negligence from the instruction was therefore not erroneous. The *Oxford English Dictionary,* Vol. XII, p. 137, meaning no. 42 defines the word "would" as "expressing merely a possibility or contingency in the supposed case". *Black's Law Dictionary,* 4th Ed., p. 1782, defines the word "would" as "a word sometimes expressing what might be expected. Often interchangeable with the word 'should'." In light of the cases cited and the definitions, the instruction here clearly falls within the ambit of permissiveness and the omission of the element of contributory negligence was therefore not error.

Appellant next alleges that the trial court erred in giving instruction number 33 which reads as follows:

"The Court instructs you that the mere fact that 29th Street may have been a through street at the intersection where the accident complained of in this case occurred, would not of itself

mean that the driver of the Safety Cab had a right to enter the intersection in question with disregard for his own safety and the safety of his passenger, Leland Ferguson.

"The fact that a street is designated as a through street at a particular intersection does not relieve the drivers of vehicles on such street from the obligation of exercising such care for themselves or others as ordinary prudent men would use under the same or similar circumstances. And if you find from all the evidence in this cause that the driver of the Safety Cab owned and operated by the defendant herein did not exercise such care, then such failure is negligence."

Appellant urges that this instruction is too broad in its scope in that it tells the jury they may find the defendant negligent if in any respect the driver failed to use ordinary care. This contention is without merit since the instruction is permissive in nature and therefore this instruction must be read with the other instructions, namely, instructions numbered 7, 8 and 20 which instructed the jury that the plaintiff could recover only under the issues alleged in the complaint.

Appellant predicates his next allegation of error on the giving of instruction number 41 ■ which reads as follows:

"The Court instructs the Jury that it was the duty of the driver of defendant's taxicab, as he approached the intersection where the accident occurred, to exercise care to avoid collision with any person or vehicle who might be lawfully using the highway, and that duty included the duty of keeping a lookout and of operating said taxicab at a rate of speed so as to have it under such control that he might in the exercise of reasonable care, avoid a collision with any person or vehicle also approaching such intersection."

Appellant contends that the giving of this instruction was error because it interjects the issue of failure of control of the vehicle which was not one of the alleged issues of negligence. This instruction is based on a statute known as §47-2004 Burns' 1952 Replacement, Part 2, which provides in part as follows:

"(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. *In every event speed shall be so restricted as may be necessary to avoid colliding with any person, or vehicle or other conveyance on or near, or entering the highway in compliance with legal requirements and with the duty of all persons to use due care."* . . . (emphasis supplied)

This statute establishes speed limits for the operation of motor vehicles on and over our streets and highways and gives consideration to the possible effect that speed may have on the operator's ability or lack of ability to keep his vehicle under proper control to avoid colliding with other vehicles.

In *Wendt* v. *Seiler* (1962), 133 Ind. App. 585, 589, 182 N. E. (2d) 801, in considering the question of speed as a contributing factor to the issue of proper control, this Court said:

"The evidence disclosed that the above-described bridge was an actual and potential hazard then existing and under the law the appellant was required to operate his automobile *at such a speed and under such control so as to avoid running into appellee's motor vehicle and it appears under all the evidence the jury could reasonably find that the appellant disregarded his duty to use due care as required by the above-quoted statute."* (emphasis supplied)

Appellee in rhetorical paragraph number 5 of his complaint charged the appellant with operating his automobile at a speed that was greater than the

posted speed limit. It is our opinion that this contention of the appellant is without merit because the crux of this instruction is not failure of control as an independent charge of negligence but it rather is an application of the charge of excessive speed as a contributing factor to the lack of control. Therefore, this instruction on speed as a contributing factor to lack of control is a proper instruction.

In the case of *Gulley.* v. *Hamm* (1947), 117 Ind. App. 593, 73 N. E. (2d) 188, the court held that the question of speed is an issue for the determination of the jury.

Appellant further contends that the damages as awarded by the jury are excessive. The evidence reveals that the appellee suffered injuries to his face and neck; suffered internal injuries; and he required hospitalization and medical treatment; and that he suffered loss of wages and income as a result thereof. In order for us to set aside the jury's verdict on the ground of excessive damages, it must appear that the amount fixed by the jury is so large that it cannot be explained upon any reasonable hypothesis other than that prejudice, passion, partiality, corruption, or that some improper element was taken into account. *Matovina* v. *Hult* (1954) 125 Ind. App. 236, 123 N. E. (2d) 893.

We cannot say on the basis of the evidence before us that the damages awarded in the instant case are such as to show that the jury was actuated by any improper motive. The amount of damages awarded by the jury was not excessive.

Finally, the appellant alleges as error that the jury was guilty of misconduct. However, the record does not reveal any objection of any such misconduct raised by the appellant at the time of the trial and before the verdict of the jury

was rendered. The rule is well settled that a party alleging misconduct on the part of the jury may not, knowing of the misconduct, wait until after the verdict to raise this objection. This constitutes waiver of any alleged misconduct of the jury. *Ellis* v. *City of Hammond* (1901), 157 Ind. 267 N. E. 565.

In light of this review of appellant's alleged errors and our holdings as stated herein, we are of the opinion that there is no reversible error and the judgment is hereby affirmed.

Affirmed.

Bierly, P. J., Hunter and Mote, JJ. concur.

NOTE.—Reported in 205 N. E. 2d 827.