EWING v BIDDLE; EWING BY EWING, HIS NEXT FRIEND v. BIDDLE.

[Nos. 20,216, 20-217. Filed May 31, 1966. Rehearing denied September 8, 1966. Transfer denied May 16, 1967.]

*Paul Reed*, of Knox, and *Milton A. Johnson*, of South Bend, for appellants.

*Arthur A. May, Thomas H. Singer*, and *Crumpacker, May, Lenz & Searer*, all of South Bend, for appellee.

PRIME, J.—These are two consolidated actions for damages, one filed by Carroll Ewing and one by Richard Paul Ewing, by his next friend, Carroll Ewing, against Alice Biddle. Carroll Ewing is the father of Richard Ewing and his personal suit was for loss of the services of his son. Richard Ewing by his next friend, sued for his personal injuries sustained. Richard was 11 years of age at the time of the accident set out.

The defendant was driving her automobile west on State Highway 8 in Starke County, Indiana. This highway intersects Road 1100 E which runs north and south. Both roads are black top.

The defendant testified that as she approached the intersection, she saw a boy on her left proceeding north on Road 1100 E. It was later determined that the person she saw was Richard Ewing and that he was riding on a homemade "go-cart." She blew her horn and proceeded. The boy crossed in front of her car and out of her sight. She further stated that as she crossed Road 1100 E she heard a "thump" on her

right side. She stopped her car and backed up. The boy was lying at the side of the road, some distance north of Highway 8 and west of Road 1100 E. He had been riding the "go-cart" which consisted of a wooden frame with four wheels and a small gasoline engine mounted on the frame.

The plaintiff, Richard Ewing, testified that he was going south on Road 1100 E when the collision occurred and that he did not remember being on the south side of Highway 8 going north across the highway. In this respect there is conflict in the evidence.

The two cases were consolidated for purposes of trial in the court below. The jury returned verdicts for the defendant-appellee that plaintiffs take nothing by their complaint and judgment was entered on the verdicts accordingly. Both plaintiffs made a motion for a new trial which were overruled, such action being assigned as error.

The grounds in the motion for new trial which are treated in the Argument here, are Ground 3 which alleges error in the giving of Defendant's Instruction No. 6 and No. 19, and Ground 4, which claims error in not giving Plaintiff's Instructions No. 5, 16, 18 and 21. This opinion will treat the above instructions in order.

Defendant's Instruction No. 6 is as follows:

"It is provided by law in the State of Indiana that when a stop sign is erected at one or more entrances of an intersection, the driver of the vehicle approaching the stop sign shall stop in obedience to said stop sign, and shall proceed cautiously, yielding the right of way to vehicles not so obligated to stop, which are in the intersection or approaching so closely as to constitute an immediate hazard. . . ."

The objection to said No. 6 is as follows:

"Plaintiff objects to Defendant's tendered Instruction Number 6 for the reason that the uncontradicted evidence in this case is that Richard Paul Ewing was eleven years of age and that the violation of a statute pertaining to the

operation of a motor vehicle by a child of that age does not constitute contributory negligence and is not evidence of contributory negligence. And for the further reason that it takes from the jury the question of whether or not the plaintiff could have been or was guilty of contributory negligence due to his age and understanding.

"The plaintiff is only required to exercise the care of [that] a child his age, training and experience, [would exercise] and this instruction is mandatory and leaves (out) that element."

Defendant's Instruction No. 19 is as follows:

"It is provided by law in the State of Indiana that every motor vehicle, other than a motorcycle, when operated upon a highway, shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two separate means of applying the brakes, each of which shall be effective to apply the brakes to at least two wheels. If these two separate means of applying the brakes are connected in any way, they shall be so constructed that failure of any one part of the operating mechanism shall not leave the motor vehicle without brakes on at least two wheels. It is further provided that every motorcycle and bicycle with motor attached, when operated upon a highway, shall be equipped with at least one brake which may be operated by hand or foot.

"So in this case, should you find by a fair preponderance of all the evidence in this cause, that the plaintiff, Richard Ewing, operated a motor vehicle on the public highway in the State of Indiana, which said motor vehicle was not equipped with brakes as provided above, to stop and control the movement of such vehicle, I instruct you that this would constitute evidence of negligence, and should you further find by a fair preponderance of all of the evidence, that such negligence on the part of the plaintiff, Richard Ewing, caused or contributed to the accident in controversy, then your verdict should be for the defendant and against the plaintiff in this cause."

The objection made is as follows:

"Plaintiff objects to Defendant's tendered Instruction Number 19 for the reason that this instruction tells the jury that a violation of a section of the motor vehicle code amounts to negligence or evidence of negligence on the part or contributory negligence on the part of a minor aged

eleven years, and the instruction is mandatory in form and does not contain all of the elements and contradicts other instructions on the obligation of a minor."

Defendant's tendered Instruction No. 6 is based upon the duty required of the driver of a vehicle as set forth in Burns' § 47-2028, which reads as follows:

"ENTERING THROUGH HIGHWAY OR INTERSEC-TION. . . . (a) The driver of a vehicle shall stop as required by this act at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.

"(b) The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one (1) or more entrances thereto although not a part of a through highway and shall proceed cautiously yielding to vehicles not so obliged to stop if necessary at the entrance to a through highway so closely as to constitute an immediate hazard, but may then proceed."

Defendant's tendered Instruction No. 19 is based upon Burns' § 47-2228, which reads as follows:

"BRAKES. 1. Every motor vehicle, other than a motorcycle or motor-driven cycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two (2) separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two (2) wheels. If these two (2) separate means of applying the brakes are connected in any way, they shall be so constructed that failure of any one (1) part of the operating mechanism shall not leave the motor vehicle without brakes on at least two (2) wheels.

"2. Every motorcycle, and every motor-driven cycle, when operated upon a highway, shall be equipped with at least one (1) brake, which may be operated by hand or foot."

The principal point urged by the appellants' in the giving of the above instructions No. 6 and 19 is that they omitted the requirement that the jury should consider the age, education and experience of the minor appellant in determining whether or not a violation of the statutory duties contained in said instructions constituted negligence on the part of said appellant and whether or not the operation of a vehicle upon the public highway by a minor, and the lack of proper equipment on such vehicle, would be considered evidence of negligence without consideration to his age, education or experience.

It is thus a question of whether or not the statutes governing the operation of motor vehicles upon a highway applies to all operators of motor vehicles or whether or not exceptions should be made in cases where the operators of motor vehicles are minors.

The legislature in enacting the above statutes referred to all operators and drivers of motor vehicles. The intent to include all persons is determined in some degree by the fact that the provisions of the motor vehicle code is applied to all persons as set forth in Burns' § 47-2102, which reads as follows:

> "*Traffic laws apply to persons riding bicycles.*—Every person riding a bicycle upon a roadway shall be subject to the provisions of this act applicable to the driver of a vehicle, except as to special regulations of this article, (. . .) and except as to those provisions of this act which by their nature can have no application."

Although no cases in point have been cited which apply to "go-carts" or similar vehicles, we must conclude that the same standard should apply to such type of vehicle. To give legal sanction to the operation of automobiles, bicycles or any other motor driven vehicle by minor or teenagers, with less than ordinary care, for the safety of others, would be impractical as well as dangerous. If the rule were otherwise, a state of uncertainty would result, because then

it would be a question for juries and courts to determine whether minors of various ages would be held to a different standard of care than adults and all others.

In this modern day we must take judicial notice of the hazards of traffic, and travelers must not be forced to anticipate conduct other than that expected of all ordinary citizens. It would be impossible to know if all cars, bicycles and other vehicles were operated by adults, a minor twenty years old, fifteen years old or ten years old. Since there is no exceptions in the statutes which exempts any one from the provisions thereof, we feel that the law applies equally to all.

We are not saying here that a motorist does not owe a certain extra degree of care if he or she knows that a young person might be driving or operating a vehicle, but we believe that all must be bound by the "rules of the road."

Appellants urge that in the case at bar, the question of whether or not Richard Paul Ewing exercised reasonable care for his own safety, consideration should be made for his age and experience. We are not saying here that such an instruction would be erroneous, but we might say as well that the same standard of extra care could be urged in the case of elderly and infirm persons. Instructions of this type must be limited and restrained for the reason that all actions for personal injuries are likely to have different circumstances and parties of all ages and physical attributes involved. *Herrin* v. *Stark* (1964) 136 Ind. App. 135, 198 N. E. 2d 397; *Smith* v. *City of Indianapolis* (1964) 136 Ind. App. 616, 199 N. E. 2d 722; *Betzold* v. *Erickson* (1962) 35 Ill. App. 2d 203, 182 N. E. 2d 342; *Dellwo* v. *Pearson* (Minn. 1961) 107 N. W. 2d 859; *Adams* v. *Lopez* (N. Mex. 1965) 407 Pac. 2d 50.

The evidence appears to be uncontradicted that the appellant, Richard Paul Ewing, operated the "go-cart" without

brakes and stated that to stop it he had to drag his feet, and that he did not stop in obedience to the stop signs erected.

We do not say here that the violation of a statute is negligence per se, but we are saying that Defendant's Instructions No. 6 and 19, even if not given, would not have changed the result because we find no substantial proof of negligence on the part of the appellee.

The next point urged by appellants is the failure of the court to give Plaintiff's Instructions No. 16 and 21. These two instructions are on the doctrine of "last clear chance." Instruction No. 16 (refused) reads as follows:

"I instruct you that even though a child may be negligently on or near a public highway, nevertheless, if the adult operator of an automobile sees such child in time to avoid injury to him by the exercise of reasonable care, it is the duty of such operator to do so. So in this case, even though you find that Richard Paul Ewing was negligent in operating a go-cart on the public highway, nevertheless, if defendent, Alice Biddle, saw him on or near said highway, and could have, in the exercise of reasonable care, avoided injuring him and failed to do so, she was negligent. If you find that she was negligent in this particular, and that such negligence was the proximate cause of the collision herein in question, then you may find for the plaintiffs on their complaints."

Plaintiff's Instruction No. 21 (refused) is as follows:

"Ordinarily any negligence on the part of the plaintiff which contributes to his injuries or damages will be a complete defense when he sues a defendant in negligence for injuries or damages to his person or property. There is, however, one real or apparent exception to this rule known as the "Last Clear Chance Doctrine," in which the plaintiff's original negligence is executed or is held not to be the proximate cause of the plaintiff's injuries or damages. The elements of a situation to which this doctrine applies are:

"First:    Both plaintiff and defendant are negligent.

"Second:   Plaintiff's negligence has placed him in a position of peril from which he cannot extricate himself.

"Third : Thereafter, the defendant discovers, that it becomes aware of the plaintiff's position of peril and has the physical and mental ability to avoid the injury or damage but negligently failed to exercise ordinary care to do so, and

"Fourth: Injury or damage proximately results to the plaintiff's person from such failure.

"If all of the foregoing elements concur in a given situation, then the plaintiff's original negligence will not defeat a recovery."

These instructions correctly state the doctrine of "last clear chance," but we hold that the court did not commit error in refusing to give the same, because it clearly appears that the defendant did not have a last clear chance to avoid the accident. She saw the boy on the "go-cart" cross in front of her car before she reached the intersection and then as she entered the intersection she heard or felt a "thump" on the right side of her car. She applied her brakes and came to a stop and looked in the rear-view mirror and saw the plaintiff lying at the side of the road. Under this set of circumstances, she had no last clear chance to avoid the accident.

Appellants contend that when the appellee, Alice Biddle, saw the boy on a "go-cart" crossing from the south to the north side of the highway in front of her car, he was in a position of peril as required by the doctrine of "last clear chance," and that he was in a position from which he could not extricate himself.

If, on the other hand, we resolve the conflict in the evidence and find that the appellant had not been south of the Highway 8 and was north of the highway proceeding south when he hit the side of defendant's car, we still must conclude that the doctrine of "last clear chance" would not apply here. The evidence indicates that the defendant did not see the appellant before her car was struck and thus had no opportunity to avoid the accident.

Appellants claim error in refusing their Instructions No. 5 and 18. Both of these instructions state in essence that the operator of a vehicle must take into consideration, in the exercise of reasonable care, the known presence of children on or about a highway. The appellants are entitled to such an instruction but we find that No. 17, which was given, covered this subject matter.

Instruction No. 17 (given) :

"If you find from the evidence, defendant, Alice Biddle, saw Richard Paul Ewing operating a go-cart on or near the highway on which she was traveling, in determining whether or not she exercised reasonable care to avoid injuring him, you may consider that it was her duty to take into account the known characteristics of children, the fact that they are not likely to exercise the same degree of prudence for their own safety as an adult, that they might not appreciate danger to the same extent as would an adult."

It is not error to refuse an instruction where the subject matter is covered by another. *Leppert Bus Lines, Inc., et al* v. *Rayborn* (1961) 133 Ind. App. 325; 182 N. E. 2d 260; *Fort Wayne Transit, Inc.* v. *Shomo* (1957), 127 Ind. App. 542; 143 N. E. 2d 431; *Kindler* v. *Edwards* (1955) 126 Ind. App. 261; 130 N. E. 2d 491.

The instructions discussed by the appellants here give rise to important considerations, but we are convinced that, taken as a whole, the result arrived at would have remained the same even if given or not given in each instance. Irrespective of the instructions, the basic question was the negligence of the defendant. We do not believe that negligence was proven and it is our opinion that the jury arrived at a reasonable and fair verdict under the evidence.

Judgment affirmed.

Wickens, P. J., concurs in result.

Faulconer, J., concurs with opinion in which Carson, J., concurs.

## CONCURRING OPINION.

FAULCONER, J.—I concur in the result reached in the opinion written by Judge Prime. However, I am of the opinion that the judgment in this case should be affirmed without necessarily deciding some of the issues considered in such opinion.

I would affirm the judgment for the following reasons:

Appellant only argues as error the giving of appellee's tendered Instructions Nos. 6 and 19, and the refusing to give appellant's tendered Instructions Nos. 5, 16, 18 and 21.

Appellant's tendered Instructions Nos. 16 and 21 involved the doctrine of "last clear chance" and, in my opinion, were properly refused as being inapplicable.

Appellant's tendered Instructions Nos. 5 and 18 likewise were properly refused, in my opinion, as the duty of appellee was thoroughly and fairly covered in other instructions given by the court.

Appellee's tendered Instructions Nos. 6 and 19 set out the statutes regarding stop signs and brakes and then, in substance, instructed the jury that if they found from the evidence that appellant's son violated the statute, "I instruct you that this would constitute evidence of negligence" and then informed the jury that such negligence, if found to have caused or contributed to the accident, the jury's verdict should be for defendant.

The use of the word "would" does not make an instruction mandatory. *Safety Cab, Inc.* v. *Ferguson* (1965), 137 Ind. App. 644, 205 N. E. 2d 827; *Southern Ind. Gas & Electric Co.* v. *Storment* (1934), 206 Ind. 25, 188 N. E. 313.

Also, the instructions herein objected to by appellant instructed the jury that such violations would *"constitute evidence of negligence."* (Emphasis supplied.) Therefore, said instructions, in my opinion, were not mandatory.

The only objection urged by appellant at the trial to Instructions Nos. 6 and 19, in substance, was that such instruc-

tions left out the element that plaintiff is only required to exercise that care of a child his age, training and experience.

Not being mandatory instructions we consider all instructions given together in determining if the jury was properly and thoroughly instructed on the issues.

This element was covered by other instructions given including appellant's Instruction No. 19, and appellee's Instruction No. 18.

Carson, J., concurs.

NOTE.—Reported in 216 N. E. 2d 863.