# The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company v. Cottman.

[No. 7,858. Filed March 6, 1913.]

1. NEGLIGENCE.—*Contributory Negligence.—Complaint.—Sufficiency.* —A complaint which states facts sufficient to show negligence on the part of defendant and that such negligence resulted in the injury complained of, is sufficient on demurrer, unless other facts pleaded show affirmatively, as a matter of law, that plaintiff was guilty of contributory negligence. pp. 664, 665.

2. RAILROADS. — *Crossing Accidents. — Contributory Negligence. — Complaint.—Sufficiency.*—A complaint, in an action against a railroad company for injuries sustained by being struck by a train at a crossing, is not insufficient on the theory that plaintiff's contributory negligence may be inferred from his failure to allege an excuse for his failure to observe the approach of the train, since under §362 Burns 1908, Acts 1899 p. 58, plaintiff is not required to allege or prove that he was free from contributory negligence. p. 664.

3. PLEADING.—*Presumptions Against Pleader.—Application of Rule.*—The rule, that a plaintiff is presumed to have stated his case as strongly in his favor as the facts warrant, applies only to such facts as are necessary to his cause of action, and does not apply to facts which tend to disclose a defense. p. 665.

4. TRIAL.—*Instructions.—Contributory Negligence.*—In an action for personal injuries where contributory negligence is a defense, an instruction which tells the jury that the burden is on defendant to prove contributory negligence, that such proof may be made under the general denial, and that in order to render such defense available it must be proved by a fair preponderance of all the evidence in the case, is not open to the objection that would lead the jury to believe that contributory negligence could be proved only by the evidence produced by defendant. p. 665.

5. APPEAL.—*Review.—Instructions.—Refusal.—Matter Covered by Other Instructions.*—In an action for personal injuries, where, on the subject of contributory negligence, the jury was instructed that such defense must be proved by a fair preponderance of all the evidence in the case, the refusal of a requested instruction stating that if evidence of contributory negligence appeared from the testimony of plaintiff it would be available to defendant on such question, was not error, although such instruction could properly have been given. p. 666.

6. TRIAL.—*Instructions.—Refusal.*—It is error to refuse requested instructions that state the law correctly, if they are not fully covered by the instructions given. p. 666.

7. RAILROADS.—*Crossing Accidents.—Instructions.—Refusal.*— An instruction, in an action for injuries sustained in a railroad crossing accident, stating that if a person is struck by a train at a crossing, the law deems the fault *prima facie* his own, etc., was properly refused, since the burden of proving contributory negligence is on defendant. p. 667.

8. APPEAL.—*Review.—Verdict.—Evidence.—Sufficiency.*—The court on appeal cannot weigh conflicting evidence, and where there is some evidence tending to support the verdict, although a strong preponderance seems to be in favor of appellant, the verdict will not be disturbed on the ground of insufficient evidence. p. 668.

9. RAILROADS.—*Crossing Accidents.—Contributory Negligence.— Jury Question.*—Where, in an action for injuries sustained in a railroad crossing accident, plaintiff testified that the crossing watchman touched him and told him to go on across the track and that he was thus led to believe that no train was approaching and that it was safe to cross, and that he thereupon started to cross the track, the question of whether he was guilty of contributory negligence was one of fact for the jury, and its finding in his favor is conclusive on appeal, although the evidence in the

record tends strongly to show that he was guilty of contributory negligence. pp. 669, 670.

10. APPEAL.—*Review.—Verdict.—Evidence.—Sufficiency.* — On appeal, in determining whether the verdict is supported by the evidence, the court can consider only the evidence which tends to sustain the verdict, and must ignore all evidence to the contrary. p. 670.

11. RAILROADS.—*Crossings.—Care Required in Crossing.—Reliance on Signals of Watchman.*—A signal or direction given by the watchman at a railroad crossing directing a traveler on the highway to cross, is an affirmative assurance that there is no danger, and relieves the traveler from exercising the high degree of diligence and caution that otherwise would be required in approaching a crossing. p. 670.

12. TRIAL. — *Evidence. — Weight and Sufficiency. — Credibility of Witnesses.—Province of Jury.—Motion for New Trial.—Duty of Trial Court.*—While a question of fact, where the evidence is conflicting, should be submitted to the jury, and the weight of the evidence and the credibility of the witnesses are questions to be passed on by the jury in arriving at a verdict, it is the duty of the trial court, after verdict, on a motion for new trial on the ground that the evidence is insufficient to sustain the verdict, to weigh the evidence and consider the credibility of the witnesses in determining whether the jury has arrived at a correct result. p. 670.

13. APPEAL.—*Review.—Presumptions.—Weight and Sufficiency of Evidence.—Credibility of Witnesses.*—On appeal, it will be presumed that the trial court, in passing on a motion for new trial on the ground that the evidence is insufficient, has considered the credibility of the witnesses and has weighed their testimony, and that in overruling the motion it was satisfied with the result. p. 671.

From Wayne Circuit Court; *Henry C. Fox,* Judge.

Action by Earl Cottman against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John L. Rupe,* for appellant.
*Robbins & Robbins,* for appellee.

LAIRY, J.—Appellee was injured at a street and railway crossing, by one of appellant's locomotives, for which injury he recovered a judgment in the Wayne Circuit Court. This appeal is prosecuted to reverse the judgment on the follow-

ing grounds: (1) The trial court erred in overruling appellant's demurrer to the complaint; (2) the court erred in overruling appellant's motion for a new trial.

The complaint was in one paragraph, and charged two acts of negligence against defendant. The first is that it was operating a train on its tracks within the corporate limits of the city of Richmond at a rate of speed in excess of that provided by ordinance; and second, that a watchman employed by defendant negligently directed the plaintiff to cross the tracks at a time when a train was approaching the crossing and in dangerous proximity thereto.

The complaint states facts sufficient to show negligence on the part of the defendant and that the negligence charged resulted in the injury of which plaintiff complains.

1. It is therefore sufficient, unless the other facts stated in the complaint are sufficient to show affirmatively, as a matter of law, that the plaintiff was guilty of contributory negligence.

The complaint shows that appellee was attempting to cross the railroad track of appellant on foot at the time he was injured. It is averred that plaintiff's view toward the west was obstructed, for a part of the distance as he approached the track, by the watchman's shanty which stood in the street seven or eight feet from the track. It is argued on behalf of appellant that as the complaint contains no other allegation showing any other excuse for plaintiff's failure to observe the approach of the train, the court must presume, as against the pleader, that no other excuse existed, and that plaintiff, as he approached, had an unobstructed view toward the west at all times after he was within seven or eight feet of the track. By statute, the plaintiff in cases such as this is relieved of alleging or proving that he was free from contributory negligence. A failure to observe the approach of a train at a crossing may be contributory negligence, and facts tending to show an excuse for such failure are facts tending to rebut contribu-

tory negligence. It is, therefore, unnecessary for the plaintiff to aver any fact showing an excuse for his failure to observe the approach of the train at a crossing, although the rule was otherwise before the enactment of the statute changing the burden of proof as to contributory negligence in actions for personal injuries. The rule that a 3. plaintiff is presumed to have stated his case as strongly in his favor as the facts warrant applies only to such facts as are necessary to constitute his cause of action, and does not apply to facts which tend to disclose a defense. *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 822; *Cole* v. *Searfoss* (1912), 49 Ind. App. 334, 97 N. E. 345.

The complaint does not aver facts which affirmatively show as a matter of law that plaintiff was guilty of contributory negligence, and it cannot therefore be held 1. insufficient on the ground that it discloses a defense. *Evansville, etc., R. Co.* v. *Berndt* (1909), 172 Ind. 697, 88 N. E. 612.

Appellant objects to instruction No. 10 given by the court, on the ground that it was so worded as to mislead the jury into the belief that contributory negligence of the 4. plaintiff could be proved only by evidence produced by the defendant. The part of the instruction of which complaint is made reads as follows: "If contributory negligence is relied upon as a defense, the burden of proving the same rests upon the defendant. The proof, however, may be made under the general denial, which is the only answer the defendant has filed in this case; and in order to render this defense available it must be proved by a fair preponderance of all the evidence in the case." We do not think that this instruction is open to the objection urged against it. The jury was thereby expressly told that contributory negligence, to be available must be proved by a fair preponderance of all the evidence in the case. This was equivalent to saying to the jury that in determining on

which side the preponderance of the evidence lay on that question it should consider all the evidence in the case; and that would include the evidence produced by the plaintiff as well as that introduced on behalf of the defendant. *Newcastle Bridge Co.* v. *Doty* (1907), 168 Ind. 259, 79 N. E. 485; *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168 Ind. 467, 80 N. E. 415. Appellant tendered an instruction

5. by which he requested the court to charge the jury specifically to the effect that contributory negligence might appear from the testimony of the plaintiff as well as that of the defendant, and that evidence so appearing was available to the defendant on this question. The instruction thus tendered correctly states the law, and should have been given, unless it is covered by instruction No. 10, given by the court. The instruction given told the jury that it should consider all of the evidence in the case in passing on the question of contributory negligence, and the instruction tendered and refused stated the same proposition in different form. It is true that the instruction tendered is a little more specific in calling attention to the evidence of the plaintiff as a part of the evidence in the case, and we see no reason why it should not have been given in connection with instruction No. 10, but we think that a jury of intelligence would correctly understand and apply the instruction given. If we are right in this, the court did not err in refusing to give the instruction tendered.

Appellant, at the proper time requested the court to give certain instructions, among which was one numbered three, which was intended to advise the jury as to the law

6. of contributory negligence as applied to the conduct of a traveler on a highway in approaching a railway crossing. The instructions given by the court on this subject were not as full and specific as appellant had a right to ask, and if this instruction properly stated the law in this particular it would have been error for the court to refuse to give it. *Newcastle Bridge Co.* v. *Doty, supra;*

*Keller* v. *Reynolds* (1895), 12 Ind. App. 383, 40 N. E. 76, 40 N. E. 280; *McAfee* v. *Montgomery* (1898), 21 Ind. App. 196, 51 N. E. 957.

Instruction No. 3, tendered by appellant, was in most respects a correct statement of the law as applicable to the facts of this case, but is erroneous in at least one particular, and for that reason the court properly refused to give it. The language which condemns the instruction is as follows: ''If a person is struck by a train at a crossing, the law says the fault is *prima facie* his own; and these rules of law are firmly established, and unless a party claiming damages proves to the satisfaction of the jury that he has complied with them, there can be no recovery.'' This may have been the law in this State prior to the enactment of the statute changing the burden of proof upon the question of contributory negligence in cases such as this; but in the light of such a statute, the mere statement of the proposition is sufficient to demonstrate its fallacy.

The only other question discussed by counsel for appellant is the sufficiency of the evidence to sustain the verdict. The evidence shows that appellee was a boy almost thirteen years of age at the time of the accident which caused his injury. Between 1 o'clock and 2 o'clock in the afternoon of a September day, appellee was standing on the east side of Sixteenth street, in the city of Richmond, Indiana, at a point about eighteen feet south of the south rail of appellant's railroad tracks, which intersected Sixteenth street practically at right angles. There was a sidewalk along the east side of Sixteenth street, and the shanty of the crossing watchman stood in the street just west of this sidewalk, and seven or eight feet south of the track. The point where appellee was standing immediately before the accident was a short distance south of the watchman's shanty, and there were no other obstructions of any character to interfere with his view of appellant's

tracks toward the west. Appellee left the point where he was standing and ran north along the sidewalk to appellant's south track, where he came in contact with a locomotive which had approached from the west. The facts, so far as stated, are established by the undisputed evidence; but there is some conflict in the testimony as to the speed of the train and as to the occurrences immediately preceding the accident. There is some evidence tending to show that the train was moving at a rate of speed in excess of the rate provided by ordinance, but this evidence is not of a convincing or satisfactory character. The plaintiff testified that the train was running very fast, much faster than a street-car; but on cross-examination he testified that he did not see it till it struck him, and that he judged of the speed by the force with which he was struck. On reëxamination he stated that he saw the train in motion immediately before he was struck. The only other witness who testified in favor of plaintiff as to speed of the train was a man in charge of a team of mules a short distance from the crossing. He stated that he heard the train coming, and that he looked up and saw it just as plaintiff was struck, and that he thought the train was running about twelve miles an hour, but on cross-examination he said, "Well I couldn't explain how fast the train was running because I did not see it until it was right at the crossing, and then the train came to a standstill as soon as it struck the boy; therefore I could not give any definite answer about what speed they were making." The engineer in charge of the locomotive testified that the train stopped so that a switch one square west of Sixteenth street could be closed and that at the time of the accident the train was running from four to six miles an hour, and that it would have been impossible for the train to have attained a greater rate of speed in the distance it had moved after it was put in motion. The engineer is corroborated, as to the speed of the train, by three other

members of the train crew and by Harry McBride, a disinterested witness. On this question the strong preponderance of the evidence seems to be in favor of appellant, but there is some evidence tending to support the verdict, and under the well-settled rule governing courts of appeal we are not permitted to weigh conflicting evidence.

The evidence in the record also tends strongly to show that appellee was guilty of contributory negligence. The uncontradicted evidence shows that he had an unobstructed view of the track toward the west from the place where he was standing, and that he ran north a distance of eighteen feet, to the track where he was injured, without observing the approach of the train, and that the only object that could have obstructed his view for any part of that distance was the shanty of the watchman, which was six feet square. As an excuse for this conduct, the plaintiff testified that the watchman, who was standing beside him, touched him and told him to go on across the track. He states that, from this, he thought that no train was approaching and that it was safe to cross, and that this is the reason he did not look for a train; that he took him at his word and started to run across, and that he was on the track when he was struck. Plaintiff further stated that before he started to cross he was standing with his back toward the west, and for that reason did not see the train approaching. This evidence of plaintiff was contradicted by that of the watchman, the engineer and Herbert Williams a disinterested witness. They all testified that the watchman was standing in the street in front of the shanty, and that he called to appellee when he saw him running toward the track, and that he tried to catch him, but that he was too late, and that appellee ran against the side of the locomotive and was injured. The watchman also testified that he did not say anything to appellee about crossing the track.

The jury found that appellee was free from fault contributing to his injury. In determining whether the verdict in this respect is supported by the evidence, this court

10. can consider only the evidence which tends to sustain it, and must ignore all evidence to the contrary.

*Keys* v. *McDowell* (1913), 54 Ind. App. —, 100 N. E. 385.

If the facts disclosed by the uncorroborated testi-

9. mony of the plaintiff are true, then the question as to whether or not plaintiff was guilty of contributory negligence was one of fact for the jury.

A signal or direction given by the watchman at a railroad crossing directing a traveler on the highway to cross, is an affirmative assurance that there is no danger.

11. A person acting under such an assurance is not required to exercise the high degree of diligence and caution that would be otherwise required of him in approaching a crossing. *Lake Erie, etc., R. Co.* v. *Fike* (1905), 35 Ind. App. 554, 74 N. E. 636; *Alabama, etc., R. Co.* v. *Anderson* (1895), 109 Ala. 299, 19 South. 516.

If the jury believed the testimony of plaintiff, and further believed that, in view of the assurance of safety given by the watchman, he used such care as was reasonable in a person of his age and experience, it was justified in finding that he was free from contributory negligence.

Where there is a conflict in the evidence it is the duty of the court to submit the question of fact to the jury, and the weight of the evidence and the credibility of the

12. witnesses are questions to be passed on by the jury in arriving at the verdict. After a verdict is returned and a motion for a new trial is filed on the ground that the evidence is insufficient to sustain the verdict, the trial court is called on to weigh the evidence, and to consider the credibility of the witnesses in determining whether or not the jury by its verdict has reached a correct result. In considering the evidence the trial court is not governed by the same rules that confront this court on appeal. The trial

court has an opportunity to look into the faces of the witnesses and to observe their conduct and demeanor while testifying, and its ability to judge of their credibility is equal, if not superior, to that of the jury. The duty, with its corresponding responsibility, which the law thus imposes on the trial court is one which it cannot escape, or shift to any other tribunal. The jury is in a sense responsible for the verdict, but the court is responsible for any judgment that may be pronounced thereon. If a court permits a verdict to stand which is not supported by evidence, or which is clearly against the greater weight of the evidence, the responsibility rests on the judge, and cannot be shifted to the jury. If there is a total want of evidence as to some fact essential to the verdict, this court on appeal may correct the error, but this court is powerless to grant relief where the evidence is in conflict. The responsibility rests entirely upon the judge of the trial court to grant relief in cases where the evidence is conflicting, and clearly preponderates against the verdict returned by the jury.

We have referred at length to the evidence in this case, for the purpose of emphasizing our remarks on the duties of the trial judge in respect to weighing the evidence and considering the credibility of the witnesses in ruling on the motion for a new trial where the sufficiency of the evidence to sustain the verdict is assigned as a cause. We know that the judges of the trial courts are thoroughly conscientious in the discharge of their duties, and that they have no disposition to shirk a single responsibility resting on them; but, from a consideration of the evidence in the case at bar, and in many others of a similar character, we are led to believe that trial courts, in considering the sufficiency of the evidence to sustain the verdict, when it is presented by a motion for a new trial, frequently apply the rule which governs courts of appeal, instead of the correct rule as heretofore stated.

If, as contended by appellant, the verdict in this case is

against the overwhelming preponderance of the evidence, it should have been set aside and a new trial granted, but the trial judge alone had power to determine that question. He was in a position to consider the credibility of the witnesses and to weigh their testimony and he is presumed to have done so and to have been satisfied with the result. If he made a mistake is this respect, this court is without power to correct it.

Judgment affirmed.

Note.—Reported in 101 N. E. 22. See, also, under (1) 29 Cyc. 575; (2) 33 Cyc 1060; (3) 31 Cyc. 78; (4) 29 Cyc. 644; (5) 38 Cyc. 1711; (6) 38 Cyc. 1718; (7) 33 Cyc. 1138; (8) 3 Cyc. 348; (9) 33 Cyc. 1111, 1127; (10) 3 Cyc. 348; (11) 33 Cyc. 1035; (12) 29 Cyc. 1007; (13) 3 Cyc. 318. As to contributory negligence as question for jury, see 8 Am. St. 849. As to burden of proof and where it rests generally, see 28 Am. Rep. 563. As to duty on railroad company to keep flagman at highway crossing to warn pedestrians and vehicle drivers of approaching trains, see 100 Am. Dec. 412. On the duty of one crossing a railroad track as affected by flagman's signal to proceed, see 15 L. R. A. (N. S.) 803. As to the conduct of a flagman or absence from his post as affecting liability for injury at crossing, see 41 L. R. A. (N. S.) 355. For a discussion of the duty to stop, look and listen at a railroad crossing where a flagman is stationed, see 10 Ann. Cas. 418; 13 Ann. Cas. 854.