LLOYD G. CHASE *v.* VIRGIL SETTLES ET AL.

[No. 869A141. Filed December 23, 1970. Rehearing denied March 26, 1971. Transfer denied June 17, 1971.]

H. *Harold Soshnick, Charles T. Bate* and *Soshnick, Brenton & Bate,* of counsel, all of Shelbyville, for appellant.

*Wilbur F. Pell, Jr., Pell & Matchett,* of counsel, of Shelbyville, for appellees.

SULLIVAN, J.—Plaintiff-appellant is before us asserting as error in the trial of a personal injury action involving a farm tractor operated by defendant-appellee, Maurice Settles, and a station wagon only that the trial court erred in giving two instructions.

The questioned instructions are as follows:

## DEFENDANTS' INSTRUCTION NO. 7

"The question of reasonable care with respect to both Lloyd G. Chase and Maurice Settles depends wholly upon the situation before and at the time of the accident, and not upon anything known or discovered afterwards which could not with reasonable diligence have been known or discovered before the occurrence of the accident. In other words, in consideration of the evidence, you should put yourself in the position of the drivers of the vehicles at the time of the occurrence, and have in mind what each knew or ought to have known in the exercise of reasonable care at that time."

## DEFENDANTS' INSTRUCTION NO. 9

"You are instructed that the duty imposed upon the defendant, Maurice Settles, did not require him to use every possible precaution to avoid being collided with by the automobile driven by Lloyd G. Chase; nor that the defendant should have employed any particular means, which it may appear after the accident, would have avoided the same; nor was the said defendant required to make accidents impossible. The defendant was only required to use such precaution to prevent an accident and consequent injury as would

have been adopted by ordinarily prudent persons under the circumstances as they appeared immediately prior to the accident. The question for you to determine from the evidence is not whether the accident and injuries of the plaintiff, if any, might have been avoided if the said defendants had anticipated its occurrence, but whether taking all of the circumstances as they existed just before or at the time of the accident, the defendants were negligent in failing to anticipate and guard against the accident."

As may be observed from consideration of said instructions, a statement of the facts involved in this cause would only serve to unnecessarily lengthen this opinion as well as the published official and unofficial reports of this court, thereby imposing an unwarranted burden upon the time and financial resources of the practicing bar of Indiana. In this regard, we are particularly mindful of the cost per volume of the legal decision reports which are indispensable to any working law library and of the many pages in each such volume devoted to verbiage which is unessential to the holding of the particular case, e.g., the unessential verbiage contained in this paragraph of this opinion.

Appellant argues herein that defendants-appellees' Instruction No. 7 given by the court disregards the applicable principle governing the conduct of the respective drivers in that the instruction implies that such conduct is governed by the subjective viewpoint of the jurors rather than by the standard of reasonable care. To be sure, the instruction, by use of the words "put yourself in the position of the drivers", invites objection and is not a model instruction. It is, however, not erroneous.

Defendants' Instruction No. 7 does not tell the jury to judge the drivers' conduct by what the juror would have done had the juror been a driver. Rather, it correctly says that the application of the reasonable man test must be made in the light of what the drivers knew or should have known at and prior to the occurrence and not by what may have subsequently seemed to be a wiser course of con-

duct. In other words, the reasonable man test is properly to be applied under the circumstances as they existed—not in a vacuum or in a state of Utopian perfection. It is applied in the light of the circumstances which confronted the drivers at the time and in the place where the accident took place and prior thereto. Defendants' Instruction No. 7 says nothing more or less than this.

Defendants' Instruction No. 9 is not unrelated to the subject matter embraced within Defendants' Instruction No. 7. It is, however, restricted to the standard by which the defendant-appellee Maurice Settles' conduct is to be judged.

Appellant objected to the instruction upon the ground that "if the exercise of reasonable care would have required Maurice Settles to have used every precaution to avoid the accident, or, if the exercise of reasonable care would have required said defendant to have employed a particular means, which appears afterwards would have avoided the accident, and if by the exercise of reasonable care the said defendant would have been required to make accidents impossible, then he would have been required to do so." According to appellant, this instruction, in effect, tells the jury that there may be circumstances which would justify the defendant Maurice Settles in failing to exercise ordinary care. Appellant argues that the *jury* as a *matter of fact* and not the *court* as a *matter of law* should have been permitted to determine what acts constituted reasonable care and relies upon *Rump* v. *Woods* (1912), 50 Ind. App. 347, 98 N. E. 369, wherein the court at page 355, said:

"* * * It was for the jury in this case to say just how much care, in respect to looking and listening, should have been used by appellee in crossing his particular street, in view of the conditions disclosed by the evidence. It would have been error for the court to say, as a matter of law, that ordinary care required appellee to look and listen constantly, and it was also error to instruct the jury that ordinary prudence did not require him to do so. The court may not substitute its judgment on a question of fact for the judgment of the jury."

We believe appellant's reliance upon the above portion of the *Rump* case, *supra,* is misplaced, for at page 354 that court stated:

"* * * By the first part of this instruction the jury was told that it is the duty of the operator of an automobile on a highway or street to avoid causing injury. This part of the instruction imposes on the operator of an automobile the obligation of an insurer. If he so operates his automobile that no injury is caused thereby, he has discharged his duty, but if any one is injured as a result of such operation, he has violated his duty and is liable. The law does not impose so high a duty. It is the duty of a person driving an automobile to use ordinary care to avoid causing injury, in view of the conditions and circumstances. * * *"

The *Rump* case, *supra,* was cited with approval in *Smith* v. *City of Indianapolis* (1964), 136 Ind. App. 616, 199 N. E. 2d 722, wherein the court said at page 623:

"Defendant's instruction number 13, which was objected to by appellants, instructed the jury as follows:
'One of the claims of negligence in plaintiff's complaint is that defendant failed to control his truck so as to avoid colliding with decedent.
I instruct you that under Indiana law neither defendant nor any motorist is liable absolutely for failing to avoid a collision.'
This is a correct statement of the law and it did not mislead the jury in the present case. *Rump* v. *Woods* (1912), 50 Ind. App. 347, 354, 98 N. E. 369."

The instruction complained of correctly sets forth the applicable law of Indiana notwithstanding appellant's contention here.

In *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629, the Supreme Court stated at page 465:

"Appellants' requested instruction No. 4, which was refused by the court, stated in part as follows: 'I instruct you that the duty imposed upon the defendant did not require her to use every possible precaution to avoid injury to the plaintiff; nor that the defendant should have employed any particular means, which it may appear after the

accident would have avoided it; nor was the defendant required to make accidents impossible. The defendant was only required to use such reasonable precaution to prevent the accident and consequent injury as would have been adopted by ordinarily prudent persons under the circumstances as they appeared prior to the accident. . . .' The remainder of the instruction stated a rule on foreseeability, which had been covered by other instructions given to the jury, concerning which no error is alleged. But the first part of instruction No. 4 was not covered by any other instruction. Under the facts in this appeal involving the doctrine of sudden peril, this instruction should have been given, and its refusal was error. *Zoludow* v. *Keeshin Motor Express* (1941), 109 Ind. App. 575, 34 N. E. 2d 980. A refusal to give a requested instruction which correctly states the law applicable to the facts in issue is error unless the substance of the requested instruction be covered by other instructions given to the jury. *Pittsburgh, C. C. & St. L. R. Co.* v. *Cottman* (1913), 52 Ind. App. 661, 101 N. E. 22; *Lawlor* v. *State ex rel. Shatto* (1913), 53 Ind. App. 24, 99 N. E. 487."

The principle thus enunciated is not restricted to "sudden peril" situations. It applies with equal force to any consideration of allegedly negligent conduct.

In *Union Traction Co.* v. *Berry, Administrator* (1919), 188 Ind. 514, 121 N. E. 655, 124 N. E. 737, relied upon by appellant, the court said at page 523:

"* * * The law imposes but one duty in such cases, and that is the duty to use due care; and the law recognizes only one standard by which the quantum of care can be measured, and that is the care which a person of ordinary prudence would exercise under like circumstances."

Defendants' Instruction No. 9 makes it clear that the defendant Maurice Settles was required to meet this standard for it states that "[t]he defendant was only required to use such precaution to prevent an accident and consequent injury as would have been adopted by ordinarily prudent persons under the circumstances as they appeared immediately prior to the accident."

The clear purport of the instruction is that, while the defendant, Maurice Settles, was required to use such precaution to prevent an accident and consequent injuries as would ▮ have been adopted by ordinarily prudent persons under the circumstances as they appeared prior to the accident, the defendant was not an insurer or guarantor that accidents would not happen and he was not required to make accidents impossible. The matter of whether the defendants were negligent in failing to anticipate and guard against the accident was fairly presented to the jury by this instruction.

The judgment and decision for the defendants below is hereby affirmed.

Lowdermilk, C.J., Carson and Lybrook, JJ., concur.

NOTE.—Reported in 265 N. E. 2d 57.

### CONCURRING OPINION

BUCHANAN, J.—I now vote to deny rehearing in this case because of the opinions expressed by our Supreme Court in *Hendrix* v. *Harbelis* (1967), 248 Ind. 619, 230 N. E. 2d 315, and *Perry* v. *Goss* (1970), 253 Ind. 603, 255 N. E. 2d 923, and by this court is *Shelby National Bank* v. *Miller* (1970), 147 Ind. App. 203, 259 N. E. 2d 450. A rereading of the Instructions in the instant case and those contained in *Pierce* v. *Horvath* (1968), 142 Ind. App. 278, 233 N. E. 2d 811, convinces me that there is a difference in degree necessary to distinguish the two cases. In *Hendrix* v. *Harbelis, supra,* Judge Arterburn discusses instructions:

"Instructing a jury is a most difficult and complex process. It is generally conceded that there has been an overemphasis placed upon the wording and refined meaning of instructions which far exceed their actual effect upon the jury. When an instruction has to be read and reread by a legally trained mind to catch a slight variation or error in its meaning, it is difficult to believe that a jury of laymen could have been misled."

To the same effect is *Perry* v. *Goss, supra.*

Judge Sharp, speaking for this court in *Shelby National*

*Bank* v. *Miller, supra,* cites and follows these two cases and goes on to say:

> "Except as to mandatory instructions, ambiguity, inaccuracy, or incompleteness of one instruction may be cured by another instruction which is not inconsistent with the other."

It does not appear that the instructions in either *Pierce* v. *Horvath* or in this case are mandatory in character.

Also, the language of Instruction 9 has a tendency to cure the erroneous effect of Instruction 7.

In view of the recent liberal judicial climate for nonmandatory instructions as indicated by these cases, the unfortunate wording of Instruction No. 7 would appear to be harmless error.

NOTE.—Reported in 269 N. E. 2d 765.