KATHLEEN J. CAMPBELL *v.* JERRY HAMMONTREE.

[No. 2-1273A263. Filed February 4, 1975.]

*Gene E. Wilkins, Bamberger & Feibleman,* of Indianapolis, *Andrew Jacobs, Sr.,* of Indianapolis, for appellant.

*Eugene O. Maley, George V. Heins, Smith, Maley & Douglas,* of Indianapolis, for appellee.

SULLIVAN, P.J.—Plaintiff-appellant Campbell appeals from a negative jury verdict and judgment entered in her personal injury lawsuit against defendant-appellee Hammontree.

Campbell was injured in a collision between an automobile in which she was a passenger and one driven by Hammontree. The evidence disclosed that both vehicles were proceeding East on East Tenth Street in Indianapolis, at approximately 5:00 o'clock P.M. on January 3, 1971. It was raining and visibility was limited. The Hammontree vehicle was following the Campbell vehicle at a distance of approximately 40-50 feet and at a speed of between 30-35 miles per hour.

Hammontree momentarily glanced away from the road in order to grasp the volume control knob on his car radio. When he looked back, he saw the Campbell vehicle stopped in front of him. Hammontree attempted to stop, skidded on the wet pavement and collided with the rear of the Campbell vehicle. Hammontree testified that there was no warning or signal to indicate the stopping of the Campbell vehicle; that he saw no brake or tail lights and that prior to glancing at his radio, he did not see any car stopped or stopping or any left turn signal exhibited on a vehicle ahead of him. (The driver of the Campbell car testified that a car in front of him had stopped and was making a left turn signal and that this stopped vehicle is what occasioned the Campbell car to stop. The driver further testified that although he did not specifically recall whether he had his lights on at the time of the collision, that he checked the brake lights after the collision and found them to be in working order.)

Campbell relies exclusively upon *Greene* v. *Mauricio* (1972), 151 Ind. App. 320, 279 N.E.2d 814 in presenting her single appellate contention. She argues only that Hammontree was guilty of negligence as a matter of law.

In the *Greene* case, *supra,* the Court of Appeals, First District, reversed a defendant's judgment rendered by a trial court sitting without jury. The trial court there had made findings of fact and conclusions of law which specifically determined that plaintiff, having entered a preferential thoroughfare from an alley, was guilty of contributory negligence. The Court of Appeals' decision, however, found the defendant to have been negligent as a matter of law and that such negligence was the sole proximate cause of plaintiff's injuries and damages.

We need not join with those critics of the *Greene* decision who attack it as a violation of the time-honored principle of appellate review that we will not substitute our assessment of the evidence for that of the trier of fact; neither are we obligated to approve or reject the *Greene* holding in relation to the facts before us. Suffice it to say that there was evidence of record from which the jury here could reasonably find under the instructions given to them, that Hammontree's conduct in momentarily diverting his eyes from the road was not negligent. *See Opple* v. *Ray* (1935), 208 Ind. 450, 195 N.E. 81; *Chase* v. *Settles* (1970), 148 Ind. App. 259, 265 N.E.2d 57; *Toenges* v. *Walter* (1941), 109 Ind. App. 41, 32 N.E.2d 95; *Rump* v. *Woods* (1912), 50 Ind. App. 347, 98 N.E. 369; *Kraklau* v. *Bayman* (7th Cir. 1963), 318 F.2d 400.

Judgment affirmed.

Buchanan, J., concurs; White, J., concurs in result only.