**Sally Ann FOSTER, Plaintiff,**

v.

**CONTINENTAL CAN CORPORATION, Donald F. Elling, and Diversified Labor Service, Defendants.**

**No. S 82–109.**

United States District Court, N.D. Indiana, South Bend Division.

March 29, 1984.

Thomas H. Singer, Alexander Lysohir, South Bend, Ind., for plaintiff. ·

R. Kent Rowe, and Edmond W. Foley, South Bend, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

### I.

█ This case was tried by the court and an eight person jury in Warsaw, Indiana, on February 8 and 9, 1984. At approximately 8:35 o'clock P.M. on the latter date the jury, after deliberating approximately three hours, returned a verdict for the defendants against the plaintiff and judgment was entered thereon. On February 21, 1984 the plaintiff filed a motion for a new trial under Rule 59 of the Federal Rules of Civil Procedure [1] and an extensive brief in support thereof. The defendant filed an equally extensive brief in opposition thereto on March 15, 1984. Oral argument was heard in open court in South Bend, Indiana, on March 20, 1984, and the same is now ripe for ruling.

This case is a motor vehicular tort case tried under the substantive law of Indiana by very able and aggressive counsel. The disputes between the parties at trial were intense and were vigorously pursued by their counsel. This court must now fulfill its responsibilities under Rule 59 and the authorities pertaining thereto.

█ Fifty-two years ago, Judge John J. Parker defined the standard by which a district judge should consider a motion for a new trial in a civil case when he stated:

> Verdict may be set aside and new trial granted, when the verdict is contrary to the clear weight of the evidence, or whenever in the exercise of a sound discretion the trial judge thinks this action necessary to prevent a miscarriage of justice. *Garrison v. United States*, 62 F.2d 41, 42 (4th Cir.1932).

See also this court's opinion in *Johnson v. Baltimore & Ohio Railroad*, 65 F.R.D. 661, at 664 (N.D.Ind.1974), *aff'd*, 528 F.2d 1313 (7th Cir.1976).

Although this question is to be determined by reference to federal procedural law, it is revealing to examine comparable concepts under the law of Indiana. In *Bailey v. Kain*, 135 Ind.App. 657, 192 N.E.2d 486 (1963), Judge Hunter, speaking for the then Appellate Court of Indiana, stated at page 488:

> On a motion for a new trial it must clearly appear to the trial judge that substantial justice has been done and, if in his opinion the preponderance of the evidence is against the verdict, it is his duty to grant the new trial. (citations omitted)

\* \* \* \* \* \*

A careful reading of the Rule and the Advisory Committee Notes thereon discloses that a new trial motion is addressed solely to the trial judge's discretion. Such discretion is not unfettered, however. *See* C. Wright, Law of Federal Courts § 95, 633–39 (4th ed. 1983).

---

1. Rule 59(a) states, in pertinent part:
   A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; ....

The trial judge is more than a mere umpire; his duties extend beyond the bounds of confining the evidence to the issues and instructing the jury on the law of the case; it was his duty to hear the case along with the jury; he had the opportunity to see and know the jury; he had the duty to observe the witnesses and note the level of their intelligence and wisdom together with their independence or lack of it, their prejudice or lack of it concerning matters about which they testified, and to note their bias or prejudice, their interest or lack of interest. In short, it was *his duty to keep his eyes and ears open to what was going on during the trial* so that when confronted with a motion for a new trial, he could pass upon the purely legal question involved in the case, as well as determine the weight and sufficiency of the evidence to sustain the verdict. There are many things the trial judge must take into consideration in determining the weight of conflicting evidence and passing upon the question of the preponderance thereof which make his duty in the first instance entirely different from that of an appellate tribunal as a court of review, for at the appellate level we have only the record and briefs exemplified by the cold type before us. (authorities omitted) (emphasis in original).

An example of the application of *Bailey v. Kain, supra,* is found in an opinion authored by this writer for another court in *Moore v. Berry Refining Co.,* 145 Ind.App. 92, 248 N.E.2d 398 (1969). *Bailey v. Kain* has most recently been reaffirmed by the Supreme Court of Indiana in *Huff v. Travelers Indemnity Co.,* 266 Ind. 414, 363 N.E.2d 985, 994 (1977).

There is a nearly complete overlay of the state and federal procedural standards for granting a new trial. The federal cases speak to the same authority and function of the trial judge that are set forth in *Bailey v. Kain.* In some cases different words are used to express essentially the same ideas.

One of the pulls and tugs that is readily apparent in the cases and treatises on Rule 59 has to do with the appropriate function of the judge vis-a-vis the appropriate function of the jury in our system of civil trials under the Seventh Amendment of the Constitution of the United States. An excellent and classical statement of the appropriate function of the district judge is contained in a criminal case, *Curley v. United States,* 160 F.2d 229, 233 (D.C.Cir.), *cert. denied,* 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947), where Judge Prettyman, speaking for the court, stated:

> If the judge were to direct acquittal whenever in his opinion the evidence failed to exclude every hypothesis but that of guilt, he would preempt the functions of the jury. Under such rule, the judge would have to be convinced of guilt beyond peradventure of doubt before the jury would be permitted to consider the case. That is not the place of the jury in criminal procedure. They are the judges of the facts and of guilt or innocence, not merely a device for checking upon the conclusions of the judge.

While *Curley* relates the functions of the jury and judge under the Sixth Amendment there is a close similarity of those functions under the Seventh Amendment.

The various approaches to granting a new trial are well summarized by Chief Judge Biggs, speaking for the court, in *Lind v. Schenley Industries, Inc.,* 278 F.2d 79 (3d Cir.), *cert. denied,* 364 U.S. 835, 81 S.Ct. 58, 5 L.Ed.2d 60 (1960), stated:

> But where no undesirable or pernicious element has occurred or been introduced into the trial and the trial judge nonetheless grants a new trial on the ground that the verdict was against the weight of the evidence, the trial judge in negating the jury's verdict has, to some extent at least, substituted his judgment of the facts and the credibility of the witnesses for that of the jury. Such an action effects a denigration of the jury system and to the extent that new trials are granted the judge takes over, if he does not usurp, the prime function of the jury

as the trier of the facts. It then becomes the duty of the appellate tribunal to exercise a closer degree of scrutiny and supervision than is the case where a new trial is granted because of some undesirable or pernicious influence obtruding into the trial. Such a close scrutiny is required in order to protect the litigants right to jury trial.

There are many examples of district judges granting new trials in civil cases under the authority embodied in Rule 59, the exercise of which is not viewed in the same vein once the case reaches the appellate level. Some examples are *Duncan v. Duncan*, 377 F.2d 49 (6th Cir.), *cert. denied*, 389 U.S. 913, 88 S.Ct. 239, 19 L.Ed.2d 260 (1967); Judge William E. Miller dissenting in *Fortenberry v. New York Life Insurance Company*, 459 F.2d 114, 116 (6th Cir.), *cert. denied*, 409 U.S. 981, 93 S.Ct. 316, 34 L.Ed.2d 245 (1972), *reh. denied*, 410 U.S. 961, 93 S.Ct. 1414, 35 L.Ed.2d 697 (1973); *Borras v. Sea-Lane Service, Inc.*, 586 F.2d 881 (1st Cir.1978); and *Coffran v. Hitchcock Clinic, Inc.*, 683 F.2d 5 (1st Cir.), *cert. denied*, 459 U.S. 1087, 103 S.Ct. 571, 74 L.Ed.2d 933 (1982).

■ The power of a United States district judge to grant a new trial on the ground that the verdict was against the weight of the evidence is undisputed. See *Byrd v. Blue Ridge Rural Electric Co-op, Inc.*, 356 U.S. 525, 540, 78 S.Ct. 893, 902, 2 L.Ed.2d 953 (1958). In doing so a district judge should be careful not to confuse the standards here announced for granting a new trial with the standards for directing a verdict or granting a judgment notwithstanding the verdict. In granting a motion for a new trial, unlike granting a motion for a directed verdict or a judgment notwithstanding the verdict, the district judge may set aside the verdict even though there is substantial evidence to support it. *See Hampton v. Magnolia Towing Co.*, 338 F.2d 303 (5th Cir.1964). *See also Isley*

*v. Motown Record Corp.*, 69 F.R.D. 12 (S.D.N.Y.1975). The authorities are also to the point that a district judge in granting a motion for a new trial is not required to take that view of the evidence most favorable to the verdict. *See Bates v. Hensley*, 414 F.2d 1006, 1011 (8th Cir.1969).[2]

The authorities on this subject are collected and summarized in Wright & Miller, *Federal Practice and Procedure*, § 2806:

Necessarily all such formulations are couched in broad and general terms that furnish no unerring litmus for a particular case. On the one hand, the trial judge does not sit to approve miscarriages of justice. His power to set aside the verdict is supported by clear precedent at common law and, far from being a denigration or a usurpation of jury trial, has long been regarded as an integral part of trial by jury as we know it. On the other hand, a decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter. Probably all that the judge can do is to balance these conflicting principles in the light of the facts of the particular case. If, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial. (Footnotes omitted)

A district judge must and should have both a practical and theoretical respect for the fact finding and truth seeking functions of a civil jury. The final verdict of such a jury should not be disturbed except on the clearest showing.

■ It is elementary that a district trial judge who has presided over all proceedings in a civil case, including the trial thereof before a jury, is in an excellent position to determine whether a substantial injus-

---

**2.** In this circuit the distinction between granting a judgment notwithstanding the verdict and a motion for a new trial has been dealt with consistent with the ideas expressed here in *Gen-* *eral Foam Fabricators v. Tenneco Chemicals Inc.*, 695 F.2d 281 (7th Cir.1982). See also *Selle v. Gibb*, 567 F.Supp. 1173, 1183 (N.D.Ill.1983).

tice has occurred which demands the extraordinary use of authority to grant a new trial. A district judge should approach that task with a fundamental respect for the jury's function but should not hesitate to act where justice clearly demands action. *See Harris v. Quinones,* 507 F.2d 533 (10th Cir.1974). *See also Byce v. American Honda Motor Co., Inc.,* 59 F.R.D. 63 (W.D. Pa.1971). At this procedural point few cases merit this serious and extraordinary action, especially where, as here, the verdict is a negative one. A district judge must exercise the authority conferred upon him by Rule 59 in this context with considerable restraint and must not substitute his evaluation of the facts for that of the jury.

■ The total record in this case comes very close to demanding this extraordinary action of granting a new trial on the basis that the verdict is contrary to the weight of the evidence. This court is sorely tempted to do so. However, the record in this case stops just short of that mark.

In this case this judge would have reached a result different from that reached by the jury in its verdict. If given the opportunity this judge would have credited evidence that the jury apparently rejected and may have rejected evidence that the jury apparently credited. This judge would have weighed the evidence differently. But such is not enough under the authorities to compel the granting of a new trial in this case.

## II.

While this court is deeply troubled and concerned lest a substantial injustice was done in this case, it is not similarly concerned with regard to the specific challenges that the plaintiff makes to court's instructions 34 and 37. Court's instruction 34 was given in *Johnson v. Baltimore & Ohio Railroad Company, supra,* 65 F.R.D. at 673, and was not the subject of either the majority opinion or dissent in the Court of Appeals. Said instruction is based upon this court's reading of the opinion of Judge Hunter in *Davison v. Williams,* 251

Ind. 448, 242 N.E.2d 101 (1968). It was not error to give it then and it was not error to give it here.

The plaintiff makes a slightly closer argument in regard to court's instruction number 37 which stated:

I instruct you that the duty imposed upon the defendants did not require them to use every possible precaution to avoid injury to the plaintiff; nor that the defendants should have employed any particular means, which it may appear after the accident would have avoided it; nor were the defendants required to make accidents impossible. The defendants were only required to use such reasonable precaution to prevent a collision and consequent injury as would have been adopted by an ordinarily prudent person under the circumstances as they existed prior to the accident.

In the oral argument counsel for the plaintiff seemed to indicate that this instruction was not a misstatement of the law but there was no evidence from which it could or should have been given here. When this instruction is read in the context of all the other instructions given it does not constitute sufficient error to compel the granting of a new trial. The defendants argue that this instruction is mandated by *Gamble v. Lewis,* 227 Ind. 45, 85 N.E.2d 629 (1949), and also cite the more recent case of *Chase v. Settles,* 148 Ind.App. 259, 265 N.E.2d 57 (1971).

It is certainly correct that the language used tracks some language in *Gamble v. Lewis* and *Chase v. Settles.*

■ The factual setting of *Gamble* is considerably different than that presented here, and it is difficult to determine with any precision what the facts in *Chase* were. The latter case did involve a farm tractor. Hindsight would indicate that the *entire* instruction approved in *Chase* might have been given rather than the abbreviated form thereof submitted by defendants and given in court's instruction 37. This instruction is certainly more generous with the defendants than it might have been.

However, the charge must be examined as a whole. *United States v. Hamilton,* 420 F.2d 1096 (7th Cir.1970); and *United States v. Verkuilen,* 690 F.2d 648 (7th Cir. 1982). When the total charge given to the jury in this case is examined, there is no error in having given instruction 37, and no requirement for a new trial.

For all of the foresaid reasons and with extreme reluctance this court is constrained to deny the plaintiff's motion for a new trial and does so. Motion DENIED. SO ORDERED.