Sally Ann FOSTER, Plaintiff-Appellant,

v.

CONTINENTAL CAN CORPORATION,
Donald F. Elling and Diversified
Labor Service, Defendants-Appellees.

No. 84–1683.

United States Court of Appeals,
Seventh Circuit.

Argued April 22, 1985.

Decided Feb. 19, 1986.

Thomas H. Singer, Lysohir & Singer, South Bend, Ind., for plaintiff-appellant.

Edmond W. Foley, R. Kent Rowe, Rowe & Laderer, South Bend, Ind., for defendants-appellees.

Before ESCHBACH and POSNER, Circuit Judges, and GIBSON, Senior Circuit Judge.[*]

ESCHBACH, Circuit Judge.

Plaintiff appeals from a judgment for defendants and the denial of her motion for a new trial in a diversity negligence action governed by Indiana law.[1] The primary

---

[*] The Honorable Floyd R. Gibson, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. Plaintiff's Notice of Appeal stated that she appealed "from the final judgment entered in this action ... and from the District Court's denial of her motion for a new trial." The proper procedure, however, is to appeal from the final judgment. *See Johnson v. University of Wisconsin-Milwaukee,* 783 F.2d 59, 61 (7th Cir. 1986). We consider the appeal as one from the

final judgment and also will review the denial of the motion for a new trial. *See Hennessy v. Smith,* 583 F.2d 302, 305 (7th Cir.1978) ("[W]hen an appeal is taken from the final judgment, or treated by the court as so taken, it may bring up for *review* any legal error, including alleged abuse of discretion in the denial of the motion for a new trial.") (emphasis in original).

questions presented by this appeal are: (1) whether there was sufficient evidence upon which to instruct the jury regarding excuse for the violation of a safety statute; (2) whether an instruction on the defendants' duty of care correctly stated Indiana law; and (3) whether the district judge abused his discretion by denying plaintiff's motion for a new trial. For the reasons stated below, we will affirm.

I

The facts of this case are straightforward. On June 14, 1981, Sally Ann Foster ("plaintiff") was driving a Ford Pinto eastbound in the right lane of U.S. Highway 30 outside of Valparaiso, Indiana. It was daylight and the weather was clear. The roadway was a relatively straight and level four-lane highway divided by a grassy median. Plaintiff was not driving in excess of Indiana's 55 miles per hour speed limit.

Donald Elling, who was employed by Diversified Labor Service ("Diversified"), was driving a Mack semi-tractor and trailer carrying containers owned by Continental Can Corporation ("Continental") (collectively "defendants"). Elling was driving in the same direction, but behind, plaintiff. He decided to pass a line of traffic moving in the right lane. He proceeded into the left lane, overtook a car driven by one Joe DeGard, and pulled alongside plaintiff's Pinto.

At that point a pick-up truck approximately one-and-a-half to two blocks ahead in the left lane braked and slowed down. Elling could have avoided hitting the pick-up by coming to a complete stop in the left lane, but did not do so because he feared a rear-end collision. Instead he decided to change lanes. He turned on his right turn signal. Plaintiff did not see the turn signals; however, DeGard, who was driving behind plaintiff, observed the lights, and a police officer, who inspected the truck after the accident, confirmed that the signals were in working order. Elling then checked his side-view mirror, but did not see plaintiff's car because it was in his blind spot. After his turn signal had been

on for four to six seconds, Elling moved into the right lane. The right rear of the trailer struck the left front of the Pinto. Feeling the impact of the collision and thinking that a tire had blown out, Elling briefly returned to the left lane and then moved entirely into the right lane, hitting the Pinto again. The second collision drove the Pinto off the road. The car hit a tree, severely injuring plaintiff.

After a two-day trial, the jury returned a verdict for defendants and the district court entered judgment accordingly. The district court denied plaintiff's motion for a new trial. *See Foster v. Continental Can Corp.*, 101 F.R.D. 710 (N.D.Ind.1984).

II

A. *Excuse Instruction*

Plaintiff argues, first, that there was insufficient evidence upon which to instruct the jury on whether defendants' violation of a safety statute was excused. Indiana law provides that the "driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle." Ind.Code § 9–4–1–66. By returning to the right lane before he had cleared plaintiff's car, Elling violated the statute. Under Indiana law, violation of a safety statute raises a rebuttable presumption of negligence. *See Davison v. Williams*, 251 Ind. 448, 456–57, 242 N.E.2d 101, 105 (1968); *see also Brandes v. Burbank*, 613 F.2d 658, 667 (7th Cir.1980).

The district court accordingly instructed the jury that:

An act which is performed in violation of a safety statute or regulation is presumptively an act of negligence but the presumption is not conclusive and may be rebutted by showing that the act was justifiable or excusable under the circumstances. Until rebutted, the presumption of negligence is conclusive.

Where a person has disobeyed a safety statute, the violation may be excused or

justified in a civil action for negligence by sustaining the burden of showing that the act might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law.

This instruction correctly states Indiana law. *See Davison*, 251 Ind. at 457, 242 N.E.2d at 105. Nonetheless, plaintiff objected on the ground that there was no evidence to show that the violation was excusable.

In this diversity case, Indiana law determines whether the instruction was properly given. *See Simmons, Inc. v. Pinkerton's, Inc.*, 762 F.2d 591, 595 (7th Cir.1985). Under the law of that state, an appellate court, reviewing a claim that evidence was insufficient to support the giving of an instruction, "may look only to the evidence most favorable to the appellee and any reasonable inferences to be drawn therefrom. If there is *any* evidence to support the instruction, it was properly given." *Antcliff v. Datzman*, 436 N.E.2d 114, 122 (Ind.App.1982) (emphasis added).

In this case, there is some evidence to support the excuse instruction. First, Elling testified without contradiction that a pick-up truck applied its brakes and began slowing down one-and-a-half to two blocks ahead in the left lane. Second, Elling and DeGard testified that the right turn signals

of Elling's truck were on for several seconds before it proceeded into the right lane. Plaintiff did not dispute this and stated only that she did not see the signals. Third, Elling stated that he checked his side-view mirror but did not see plaintiff's car. A reasonable inference from this testimony is that Elling, when changing lanes, acted as would a person of ordinary prudence who desired to comply with the law.

Indeed, several Indiana decisions have upheld similar instructions in cases in which there was less evidence to support the instruction.[2] Plaintiff relies on *Stein v. Yung*, 475 N.E.2d 52 (Ind.App.1985), which affirmed the denial of an instruction on Indiana's "sudden emergency" doctrine. That doctrine provides that when a person is confronted with a sudden emergency not of her own making without sufficient time to determine with certainty her best course of action, she is not held to the same accuracy of judgment which would be required of her if she had time to deliberate. In *Stein*, however, there was *no* evidence of any sudden emergency. Indiana law requires us to uphold the excuse instruction if there was *any* evidence to support it. *See Antcliff v. Datzman*, 436 N.E.2d at 122. The evidence discussed above justifies the excuse instruction given by the district court.[3]

**2.** For example, *Reuille v. Bowers*, 409 N.E.2d 1144 (Ind.App.1980), involved a head-on collision at an intersection on a two-lane highway. About one-third of a mile from the intersection, the defendant started to pass a car traveling in the right lane. When he was passing the car, he noticed that the next car ahead in the right lane was going even slower than the car he was passing, so that the space between the two cars was narrowing. Although he could have "squeezed" into the gap, he decided to pass the second car. While he was nearing the intersection in the left lane, a car turned from the side road onto the highway traveling towards him. Defendant struck that car head-on. After a jury trial, the trial court entered judgment on a verdict for plaintiffs. Defendant appealed, arguing that the trial court improperly refused to instruct the jury on whether his violation of an Indiana statute prohibiting driving in the left lane of a two-lane highway within 100 feet of an intersection was excused. The appellate court ruled that refusal of the excuse instruction re-

quired reversal. It held that defendant's testimony that the space between the two cars had narrowed so that it would have been difficult but not impossible for defendant to have moved over between them was sufficient to warrant an excuse instruction. *See id.*, 409 N.E.2d at 1153–57; *cf. Town & Country Mutual Insurance Co. v. Hunter*, 472 N.E.2d 1265, 1271 (Ind.App.1985) (evidence sufficient to justify instruciton that contributory negligence is not a defense to willful misconduct); *Fankboner v. Schubert*, 431 N.E.2d 856, 861–62 (Ind.App.1982) (evidence sufficient to justify instruction that motorcycle headlights must be illuminated whenever the motorcycle is in operation); *cf. also Brandes v. Burbank*, 613 F.2d 658, 668 (7th Cir.1980) (evidence sufficient under Indiana law to justify excuse instruction).

**3.** Plaintiff also cites several California decisions. Although, in the absence of decisions from the state whose law controls, a federal court can examine cases from other jurisdictions to deter-

Plaintiff also suggests that the instruction misstates Indiana law and that its wording might mislead a jury. Nevertheless, plaintiff waived these objections by not raising them before the district court. *See Spanish Action Committee of Chicago v. City of Chicago,* 766 F.2d 315, 318 (7th Cir.1985).

## B. *Duty of Care Instruction*

■ The district court also instructed the jury that

the duty imposed upon the defendants did not require them to use every possible precaution to avoid injury to the plaintiff; nor that the defendants should have employed any particular means, which it may appear after the accident would have avoided it; nor were the defendants required to make accidents impossible. The defendants were only required to use such reasonable precaution to prevent a collision with consequent injury as would have been adopted by an ordinarily prudent person under the circumstances as they existed prior to the accident.

Plaintiff objected to this instruction at trial on the ground that it misstates the duty of care set forth in Ind.Code § 9–4–1–66(a). Plaintiff cites no authority in support of her argument; however, a virtually identical instruction has been approved by Indiana courts. *See, e.g., Chase v. Settles,* 148 Ind.App. 259, 260–61, 265 N.E.2d 57, 58 (1970).

Jury instructions must be read as a whole, rather than in isolation. *See, e.g., Kelsay v. Consolidated Rail Corp.,* 749 F.2d 437, 449–50 (7th Cir.1984). In considering plaintiff's objection to the instruction concerning defendants' duty of care, we must consider it in context with all other instructions, including those on negligence and on reasonable and ordinary care. In this regard, we note that the district judge read to the jury the text of Ind.Code § 9–4–1–66(a), and gave it the following instructions:

Negligence is defined, in its general meaning, as the failure to do what a reasonably careful and prudent person would have done under the same or like circumstances, or the doing of something which a reasonably careful and prudent person would not have done under the same or like circumstances; or, in other words, negligence is the failure to exercise reasonable and ordinary care.

Reasonable and ordinary care is such care as a reasonably careful and ordinarily prudent person would have exercised under the same or like circumstances.

A failure to exercise such care is negligence on the part of the one so failing.

Because the challenged instruction has been approved by Indiana courts and because the instructions as a whole adequately explained the concept of reasonable and ordinary care to the jury, we cannot conclude that the district judge abused his discretion in instructing the jury on defendants' duty of care under Ind.Code § 9–4–1–66(a).

Plaintiff also argues that the instruction should be given only in cases involving a sudden emergency.[4] She asserts without supporting authority that, because the accident was not caused by any sudden emergency, this instruction, however worded, was inapplicable. Contrary to plaintiff's contention, this instruction is proper even in negligence cases that do not involve sudden emergencies. *See Chase v. Settles,*

mine what law the controlling state will adopt, *see Martin v. Harrington & Richardson,* 743 F.2d 1200, 1202 (7th Cir.1984), appellate court decisions from the state whose law governs are binding on a federal court sitting in diversity unless it is convinced that the state supreme court would decide otherwise. *See Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). Because there exists a body of cases decided by Indiana appellate courts with which we do not

believe the Indiana Supreme Court would differ, we find it unnecessary to consult California decisions to determine Indiana law.

**4.** It appears from the record that plaintiff did not raise this objection in the district court before the jury retired to deliberate. We, nevertheless, will consider the issue since the district judge addressed it in his post-trial order. *See* 101 F.R.D. at 714–15.

148 Ind.App. at 264, 265 N.E.2d at 60 (The instruction "is not restricted to 'sudden peril' situations," but "applies with equal force to any consideration of allegedly negligent conduct."). Because the instruction is appropriate under Indiana law whenever negligence is alleged, we hold that the district judge did not err in giving the jury the challenged instruction concerning defendants' duty of care.

## C. *Motion for a New Trial*

■ Plaintiff argues finally that the verdict was against the clear weight of the evidence, and that the district court erred in denying her motion for a new trial. This issue is difficult and the district court gave it close attention:

> The total record in this case comes very close to demanding th[e] extraordinary action of granting a new trial on the basis that the verdict is contrary to the weight of the evidence. This court is sorely tempted to do so. However, the record in this case stops just short of that mark.
>
> In this case this judge would have reached a result different from that reached by the jury in its verdict. If given the opportunity this judge would have credited evidence that the jury apparently rejected and may have rejected evidence that the jury apparently credited. This judge would have weighed the evidence differently. But such is not enough under the authorities to compel the granting of a new trial in this case.

101 F.R.D. at 714.

The standard for reviewing a motion for a new trial is controlled by federal law. *See Robison v. Lescrenier*, 721 F.2d 1101, 1104 (7th Cir.1983). As the district judge recognized, a jury verdict must be accorded great deference. *See U.C. Castings Co. v. Knight*, 754 F.2d 1363, 1369 (7th Cir.1985). At the trial level, a new trial may be granted only if the verdict is against the clear weight of the evidence. *See First National Bank of Kenosha v. United States*, 763 F.2d 891, 896 (7th Cir.1985). Because the grant of a new trial rests in the discretion of the district judge, *see id.*, the "denial of a motion for a new trial is not subject to review by this court except where exceptional circumstances show a clear abuse of discretion." *Spanish Action Committee of Chicago v. City of Chicago*, 766 F.2d 315, 321 (7th Cir.1985); *cf. Taliferro v. Augle*, 757 F.2d 157, 161 (7th Cir.1985) (test for reversing denial of motion for new trial on the ground that the verdict is against the clear weight of the evidence is whether the district judge was "inescapably wrong"). Thus, we will not set aside a jury verdict when there is any reasonable basis in the record for it. *See First National Bank of Kenosha*, 763 F.2d at 896.

In this case, when the evidence is taken in the light most favorable to appellees, *see id.*, there are two reasonable bases in the record for the verdict. First, from the evidence discussed above, *supra* at 5, the jury could have concluded that defendants' violation of the Indiana passing statute was excused. Alternatively, the jury could have concluded that plaintiff was contributorily negligent.[5] Under the governing Indiana law, contributory negligence is a complete defense. *See, e.g., Clem v. United States*, 601 F.Supp. 835, 843 (N.D.Ind. 1985). According to the law of that state, failure to maintain a reasonable lookout may constitute contributory negligence. *See, e.g., Thornton v. Pender*, 268 Ind. 540, 545, 377 N.E.2d 613, 617 (1978); *Frankfort v. Owens*, 171 Ind.App. 566, 358 N.E.2d 184 (1976).[6] Plaintiff admitted during her trial

---

5. Although Indiana has adopted a comparative fault statute, *see* Ind.Code § 34–4–33–1, it did not become effective until January 1, 1985, and cannot be applied retroactively. *See Clem v. United States*, 601 F.Supp. 835, 843 n. 4 (N.D. Ind.1985). Thus, the case is subject to Indiana's traditional contributory negligence law.

6. Indeed, the jury received the following instructions:

> Even if you should find from a preponderance of the evidence in this case that both the Plaintiff, Sally Ann Foster, and the Defendant, Donald Elling, were negligent, then the Plaintiff may not recover if her negligence proximately contributed to the cause of the collision in question. You should not attempt to

testimony that she never noticed the right turn signals on Elling's truck, which were mounted on the side of the tractor and the rear of the trailer and which were visible from any point along the side of the truck. After the truck had begun to move into her lane, she did not sound her horn, flash her lights or apply her brakes. She testified only that she turned her car's wheels to the right to get off the road. She traveled a relatively straight path for nearly 300 feet before her car struck a tree. The jury could have inferred from these facts that plaintiff was contributorily negligent by failing to maintain a reasonable lookout or by failing to take reasonable actions once the truck had begun to move into her lane.

When reviewing a claim that a verdict is against the clear weight of the evidence, we do not sit as the original trier of fact, or even as the district judge considering a motion for a new trial. We examine only whether the district judge abused his discretion by denying the motion for a new trial. *See Spanish Action Committee of Chicago,* 766 F.2d at 321; *First National Bank of Kenosha,* 763 F.2d at 896; *Taliferro,* 757 F.2d at 161. In this case, we cannot conclude that the district court abused its discretion by denying a new trial.

### III

For the above reasons, the district court's judgment is

AFFIRMED.

FLOYD R. GIBSON, Senior Circuit Judge.

I respectfully dissent. I believe that the district court erred in submitting the ex-

cuse instruction to the jury. While I appreciate that under Indiana law an excuse instruction should be given if any evidence exists to support it, *Antcliff v. Datzman,* 436 N.E.2d 114, 122 (Ind.App.1982), the evidence adduced in this case does not to my mind support the submission of the instruction.

Elling testified that he could have easily stopped within the distance between his vehicle and the pickup truck in front of him, that the pickup truck did not stop on the highway but had only tapped its brakes, and that there was no worry about anyone rear-ending him in the passing lane. That Elling turned on his right turn signals for an indeterminate time before entering the right lane does not constitute an excuse for violating the passing statute. Most importantly, that Elling checked his side-view mirror but failed to see the plaintiff's car does not absolve him of responsibility for passing into an occupied lane. As an experienced truck driver, Elling knew that he had a blind spot in his side-view mirror and should have exercised extra caution in changing lanes. He had a duty to keep in mind the whereabouts of the vehicles around him, and not to change lanes until he knew he had safely passed those vehicles. A large tractor trailer is a dangerous vehicle, particularly to small passenger cars. Because no evidence existed for the submission of the excuse instruction, the district court should have sustained plaintiff's objection to the instruction. Therefore, Elling's clear violation of the passing statute amounted to negligence per se. Also, I question the advisability of the type of due care instruction given in this case, which appears to excuse the defendant from exercising due care. I would reverse

weigh or compare who was the most negligent. If you find any negligence on the part of Sally Ann Foster which proximately contributed to her injuries, then you may find for the Defendants in this case and against the Plaintiff.
. . . .
Although a driver of a motor vehicle on a roadway in this State is required to maintain

a reasonable lookout for other vehicles using the highway, such driver is not necessarily required at all times to keep attention directed to automobile traffic immediately in front or behind or to look to the right or to the left or in any particular direction at any specific time or moment, but such driver is only required to use reasonable care in keeping such lookout so as to try to avoid injury.

the district court's judgment in this case and remand for a new trial.